Filed 8/6/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYRONE MASON,<br><br>    Defendant and Appellant. | B239134<br><br>(Los Angeles County<br>Super. Ct. No. BA385609) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Bork, Judge. Reversed.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Tyrone Mason challenges his conviction for failure to register as a sex offender. He argues reversal is required because the trial court committed prejudicial instructional error, there is insufficient evidence to support the conviction, and that the lifetime registration requirement violates his right to equal protection, due process and privacy and constitutes cruel and unusual punishment. We conclude that prejudicial instructional error requires reversal.

## PROCEDURAL BACKGROUND

By amended information, Mason was charged with one count of committing corporal injury upon a cohabitant (Pen. Code, § 273.5, subd. (a)),[1] and one count of failing to register as a sex offender (§ 290, subd. (b)). The information also alleged two prior convictions: a 1996 conviction for spousal rape (§ 262, subd. (a)(1)), and a 2004 conviction for failure to register as a sex offender (§ 290, subd. (A)(1)(D)). (§ 667.5, subd. (b).) The spousal rape conviction was also alleged as a "strike" under the "Three Strikes" law. (§§ 667, subds. (b)–(i); 1170.12, subds. (a)–(d).) Mason pleaded not guilty and denied all allegations.

A jury was unable to reach a verdict on the charge of corporal injury upon a cohabitant, but convicted Mason of failure to register as a sex offender. (§ 290, subd. (b).) The jury found true allegations that Mason had been "convicted [in 2004] of a violation of . . . [s]ection 290[, subdivision] (A)(1)(D), FAILURE TO REGISTER: SEX OFFENDER," and in 1996 of a "violation of . . . [s]ection 262[, subdivision] (A)(1), SPOUSAL RAPE."

The trial court found that Mason had suffered the prior convictions (§ 1025, subd. (c)), and that the spousal-rape conviction was a serious and violent felony within the meaning of Three Strikes law. (§§ 667, subds. (b)–(i); 1170.12, subds. (a)–(d).) Mason was sentenced to a total term of five years in prison.

---

[1] Statutory references are to the Penal Code.

**FACTUAL BACKGROUND**

*Prosecution case*

In March 2011, Alma Minnick was living with Mason and with Rayna Payton, Minnick's roommate. They lived in a one-bedroom residence at 668 E. 51st Street in Los Angeles. Mason and Minnick, who were engaged, had lived together about four years.

On March 19, 2011, Minnick called 911 to report that Mason had physically abused her and she wanted him "to leave my . . . place." Minnick told the dispatcher that Mason "may pay on the bills but he don't pay no rent." Minnick and Mason yelled at one another during the 911 call and, at one point, Minnick said, "I'm going in my house," and "I'm going in my room." Mason was heard in the background saying, "You mean *our*!"

Minnick told the officers who responded to the 911 call that she and Mason "had been in a four-year dating relationship and . . . had been living together for the duration of the four years." Payton also said that Minnick and Mason were her roommates. Mason too told the police that he lived at the 51st Street address.

At trial, Minnick denied that she and Mason had lived together. She said Mason came "over to visit frequently every now and then," and that he spent the night about once a month. Minnick testified that Mason "was homeless and [she] didn't want him moving in at the time because of his . . . [sex offender] registration." Payton also testified, and denied that she lived at the 51st Street residence with anyone but Minnick; Mason, she said, was there "on an in-and-out status."[2] At the preliminary hearing, Payton had testified that she had lived at the 51st Street with Minnick and Mason "[t]he whole time" since she had begin living there in October 2010. Minnick and Mason slept in the bedroom, and she slept on a living room sofa.

---

[2] By the time of trial, Minnick and Mason were no longer engaged but remained friends. Payton and Minnick also were friends.

In sex-offender registration documents dating from 1998 to March 2, 2011, Mason registered either as a transient or as a resident at an address on Wall Street. He never registered at the 51st Street address.[3]

*Defense case*

When he testified, Mason admitted having been convicted of spousal rape in 1996, and failing to register as a sex offender in 2003 and 2004.

Mason was homeless on March 19, 2011. He visited Minnick, his then-fiancée, at the 51st Street residence on that day and most days. He did not receive mail or keep personal possessions at the 51st Street address. Mason acknowledged having corrected Minnick when she said "my room," during the 911 call, to "our room." He said he did so "because [he's] always there and plus the fact [he's] in a relationship with [Minnick], or was." Mason denied ever residing at the 51st Street address.

Mason knew he was required to register as a sex offender; his registration was up-to-date in March 2011.

## DISCUSSION

Mason contends the jury instructions for the failure to register offense erroneously omitted a requirement that the prosecution prove his prior spousal rape conviction involved force or violence. The Attorney General insists Mason has waived this argument or that it is barred by the doctrine of "invited error." Neither of the Attorney General's arguments has merit. We find the instructional error was not harmless beyond a reasonable doubt.

A defendant convicted of one of the enumerated offenses under section 290 is required to register for the rest of his life with the police department in the city in which he lives. (*People v. Sorden* (2005) 36 Cal.4th 65, 72–73.) Section 290 states that, "[e]very

---

[3] Documents introduced regarding Mason's prior convictions were: (1) an abstract of judgment, for the 1996 conviction for spousal rape and a section 969b prison packet relating to that conviction; (2) a "DISPOSITION OF ARREST AND COURT ACTION" form, reflecting Mason's conviction in 2003 for failure to register as a sex offender; and (3) a section 969b prison packet, regarding his 2004 conviction of failure to register as a sex offender.

person described in subdivision (c), for the rest of his or her life while residing in California . . . shall be required to register" as a sex offender. (§ 290, subd. (b).) Subdivision (c) includes "[a]ny person who . . . has been . . . convicted . . . of a violation of . . . paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison . . . ." (§ 290, subd. (c).)[4] Not all spousal rape requires sex-offender registration. (See *People v. Jeha* (2010) 187 Cal.App.4th 1063, 1072; *In re Reed* (1983) 33 Cal.3d 914, 919, overruled on other grounds by *In re Alva* (2004) 33 Cal.4th 254, 292.) Only those convicted of spousal rape involving force or violence and sentenced to prison must register as sex offenders. (§ 290, subds. (b), (c); *Jeha*, at p. 1072.)

Here, the prosecution proved Mason's prior conviction for spousal rape based on an abstract of judgment and prison packet. But, the specific nature of that underlying crime was never alleged against Mason or mentioned at trial. Nor was the jury instructed that, to find Mason guilty of the failure to register offense, it first had to find that his spousal rape conviction involved force or violence. Instead, the jury was instructed only that: "The defendant is charged in Count two with failing to register as a sex offender. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant was previously convicted of rape of a spouse pursuant to . . . section 262[, subdivision] (A)(1) . . . ." The jury's verdict did not establish the nature of Mason's spousal rape conviction. Rather, the jury found only a "violation of . . . [s]ection 290[, subdivision] (b), a Felony, as charged in Count 2 of the information."

---

[4] Section 262, subdivision (a)(1), provides: "(a) Rape of a person who is the spouse of the perpetrator is an act of sexual intercourse accomplished under any of the following circumstances: [¶] (1) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." (§ 262, subd. (a)(1).) "'[D]uress'" is defined as "a direct or implied threat of force . . . ." (§ 262, subd. (b).) "'[M]enace'" is "any threat . . . or act that shows an intention to inflict an injury upon another." (§ 262, subd. (c).)

*1.* *Mason did not forfeit his claim of instructional error*

Mason did not object to the above instruction nor did he ask that the instructions be modified to require the jury to find his prior spousal rape conviction involved force or violence. The Attorney General argues Mason forfeited his challenge by failing to object or seek a modified instruction at trial.

"'[A] party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying instruction.' [Citation.]" (*People v. Mejia* (2012) 211 Cal.App.4th 586, 617; *People v. Hudson* (2006) 38 Cal.4th 1002, 1011–1012.) But no forfeiture will be found where, as here, the court's instruction was an incorrect statement of the law (*Hudson*, at p. 1012), or the instructional error affected the defendant's substantial rights. (*People v. Franco* (2009) 180 Cal.App.4th 713, 719–720; § 1259 ["appellate court may . . . review any instruction given, . . . even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby"].) Instructional error as to the elements of an offense is not waived by trial counsel's failure to object. (*Hudson*, at pp. 1011–1012.) Accordingly, we reject the argument that Mason forfeited his right to assert instructional error on appeal.

*2.* *The doctrine of invited error does not apply.*

The Attorney General also argues Mason's claim of instructional error is barred by the doctrine of "invited error." That doctrine holds:

"'[W]hen a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error.' . . . [¶] . . . [T]he doctrine . . . is '"an 'application of the estoppel principle' . . . . [Citation.] . . . At bottom, the doctrine [aims] . . . to prevent a party from misleading the trial court and then profiting therefrom in the appellate court. [Citations.]. . . .'" [Citation.] [¶] . . . [T]he invited error doctrine 'applies "with particular force in the area of jury instructions. . . ."' [Citation.] . . . [A] party who . . . acquiesces in[] a particular jury instruction cannot appeal the giving of that instruction." (*Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1000.)

6

The Attorney General maintains that Mason's trial counsel acceded to the challenged instruction for tactical reasons because, had the jury been required to find that Mason's prior spousal rape conviction involved force or violence it would necessarily have learned of the violent nature of that offense.[5] The Attorney General observes that Mason's counsel repeatedly expressed concern about inflaming the jury when the prosecutor indicated she wanted to cross-examine Mason about the underlying facts of the spousal rape conviction. Concerns about jury inflammation would not have been unwarranted. According to the transcript from the preliminary hearing in Mason's prosecution for spousal rape, Mason threatened the victim, grabbed her by the hair, bit, punched, and tried to choke the victim in the course of the rape.

But "[i]nvited error will be found . . . only if counsel expresses a deliberate tactical purpose in resisting or acceding to the complained-of instruction." (*People v. Souza* (2012) 54 Cal.4th 90, 114.) On this record, we cannot definitively conclude that Mason's trial counsel made a deliberate tactical choice by not objecting to or seeking modification of the jury instruction on the section 290 charge. "[M]erely acceding to an erroneous instruction does not constitute invited error." (*People v. Smith* (1992) 9 Cal.App.4th 196, 207, fn. 20.) The trial court had a sua sponte duty to instruct the jury fully as to the essential elements of the charged offense. (*People v. Flood* (1998) 18 Cal.4th 470, 481.)

Further, even in the absence of an objection or when a party has acquiesced or concurred in the trial court's giving of an instruction, that instruction may be reviewed on appeal if it affected the defendant's "substantial rights." (*People v. Andersen* (1994) 26

---

[5] To support this argument, the Attorney General requests that we take judicial notice of the following records from Mason's spousal rape conviction in *People v. Tyrone Mason, Jr.*, Case No. YA027685: (1) Felony complaint, filed March 8, 1996, charging Mason, in count 1, with spousal rape by "means of force, violence, duress, menace and fear of immediate and unlawful bodily injury," in violation of section 262, subdivision (a)(1); (2) reporter's transcript of March 6, 1996 preliminary hearing; (3) June 11, 1996 Minute Order reflecting Mason's plea of nolo contendere to count 1; and (4) August 27, 1996 minute order re sentencing. We grant the request for judicial notice to assess the merits of the Attorney General's assertion of invited error.

Cal.App.4th 1241, 1249; § 1259.) "[A] defendant [need not] request amplification or modification [of an instruction] to preserve the issue for appeal where, as here, the error consists of a breach of the trial court's fundamental instructional duty." (*People v. Smith*, *supra*, 9 Cal.App.4th at p. 207, fn. 20.) "'[A]scertaining whether . . . instructional error affected the substantial rights of the defendant necessarily requires an examination of the merits of the claim—at least to the extent of ascertaining whether the asserted error would result in prejudice if error it was.' [Citation.]" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1087.) We turn now to the merits of Mason's appeal.

3.      *Standard of review.*

We review de novo whether a jury instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) Our charge is to determine whether the trial court "'fully and fairly instructed on the applicable law.' [Citation.]" (*People v. Ramos*, *supra*, 163 Cal.App.4th at p. 1088.) We look to the instructions as a whole and the entire record of trial, including the arguments of counsel. (*People v. Stone* (2008) 160 Cal.App.4th 323, 331.) Where reasonably possible, we interpret the instructions "'to support the judgment rather than to defeat it.'" (*Ramos*, at p. 1088.)

4.      *Analysis*

To obtain a conviction here the prosecution had to prove Mason had been convicted of a specific registration offense, i.e., spousal rape "involving the use of force or violence." (See § 290, subds. (b), (c).) The information did not allege a specific registration offense, let alone spousal rape by force or violence. Nor was a specific registration offense mentioned during trial. The prosecution used an abstract of judgment and prison packet to prove Mason's prior conviction for spousal rape, but never established the specific nature of that underlying crime. The jury was instructed that, to satisfy the registration requirement, the prosecution had to prove only that Mason "was previously convicted of rape of a spouse, pursuant to . . . section 262[, subdivision] (A)(1)." Consistent with that instruction, in closing the prosecutor argued only that Mason had been convicted of spousal rape.

"[A]n erroneous instruction that omits an element of an offense is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct.

824].” (*People v. Gonzalez* (2012) 54 Cal.4th 643, 663; *Neder v. United States* (1999) 527 U.S. 1, 15 [119 S.Ct. 1827, 144 L.Ed.2d 35].) “In such cases, ‘the harmless error inquiry [asks whether] it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?’” (*Gonzalez*, at p. 663.)

In a one-paragraph discussion, the Attorney General concedes the instructional error but urges this court to find it harmless. The Attorney General argues Mason is bound by his admission that his spousal rape conviction obligated him to register as a sex offender. We disagree. The record establishes only that Mason was told he was required to register and did so for a time. At no point did Mason concede that the reason he was told to register was because his spousal rape conviction involved force or violence. Nor is there anything in the trial record that addresses whether the prior spousal rape conviction involved force or violence, and the jury never made that factual finding. The issue of the nature of Mason’s spousal rape conviction remained unaddressed at trial.

The question then is whether the omission of an element from the jury instruction as to the charged crime is prejudicial under the *Chapman* test. “Harmless-error review looks . . . to the basis on which ‘the jury *actually rested* its verdict.’ [Citation.] The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error.” (*Sullivan v. Louisiana* (1993) 508 U.275, 279 [113 S.Ct. 2078, 124 L.Ed.2d 182]; see also *People v. Kobrin* (1995) 11 Cal.4th 416, 429–430.)

We conclude there is prejudice under *Chapman*. The prosecution failed to prove Mason’s spousal rape conviction involved force or violence. A properly instructed jury could reasonably conclude that evidence of the spousal rape conviction, even considering Mason’s admitted prior registration, failed to prove beyond a reasonable doubt that the nature of that conviction involved force or violence as required by section 290, subdivision (c). The jury made no factual finding that the spousal rape involved force or violence. The general verdict, which tracks the incomplete language of the jury’s charge, does not mention “force” or “violence,” and is insufficient to support a finding that the jury actually found the spousal rape involved force or violence. The error is not harmless because, even if a properly

instructed jury would not have voted to acquit Mason, the views of some jurors may have been swayed resulting in a hung jury. That is a result more favorable to Mason. (See *People v. Soojian* (2010) 190 Cal.App.4th 491, 518–522; *People v. Bowers* (2001) 87 Cal.App.4th 722, 736.) The prosecution failed to prove beyond a reasonable doubt that the instructional error omitting an element of the charged crime "'"did not contribute to the verdict obtained"'" or that "'"the guilty verdict actually rendered in [the] trial was surely unattributable to the error."'" (*Sullivan v. Louisiana*, *supra*, 508 U.S. at p. 279; *People v. Flood*, *supra*, 18 Cal.4th at p. 513, italics omitted.) Accordingly, reversal of the conviction is required. Based on this resolution, we need not address Mason's remaining contentions of error.

Because the evidence is insufficient to prove that Mason's spousal rape conviction involved force or violence, he cannot be retried for failure to register as a sex offender on the basis of the conduct at issue in this case.

## DISPOSITION

The judgment is reversed.

CERTIFIED FOR PUBLICATION.


JOHNSON, J.


We concur:


MALLANO, P. J.


ROTHSCHILD, J.