Filed 5/13/14  P. v. Clark CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES MADISON CLARK, JR.,<br><br>        Defendant and Appellant. | A136145<br><br>(Sonoma County<br>Super. Ct. No. SCR-609530) |
| In re JAMES CLARK on Habeas Corpus | A140603 |

Defendant James Madison Clark, Jr. was convicted for failure to reregister as a sex offender after being released from incarceration after 30 or more days in prison.  (Pen. Code, § 290.015, subd. (a).)[1]  The court found four prior prison term enhancements to be true (§ 667.5, subd. (b)), including one for a previous section 290.015 offense.  The court stayed two of those enhancements and sentenced Clark to a total of six years in prison, representing a two-year midterm for the section 290.015 conviction, doubled to four years as a second strike, plus two years for the prior prison term enhancements.

Clark was convicted in 1999 of unlawful sex with a minor (§ 261.5, subd. (c)), a crime for which sex offender registration is not mandatory (§ 290, subd. (c)), but for which registration may be required in the court's discretion (§ 290.006; *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197).  Clark contends his conviction for failing to register must be reversed because the prosecution did not introduce substantial evidence

_____

[1]Unless otherwise indicated, subsequent statutory references are to the Penal Code.

1

that he was ordered to register.  He argues his counsel was ineffective because he did not move for a judgment of acquittal on that ground at the close of the People's case, and because he chose to have Clark testify on his own behalf.  But Clark was not entitled to acquittal when the People rested because he had stipulated before the hearing began that he would testify on his own behalf.  Thus, the motion he faults counsel for failing to make would have been futile.  During his testimony, Clark acknowledged that he was required to register.  His admission remedied any failure of proof of the point in the prosecution's case.  Accordingly, the appeal fails.

So does his petition for writ of habeas corpus.  In his writ petition, Clark argues that the sex offender registration requirement was not lawfully imposed upon him in 1999.  He claims he was neither ordered to register before judgment was executed, nor advised by his lawyer at the time of his 1999 plea agreement that registration was a lifetime requirement.  Both arguments fail because he is no longer in actual or constructive custody for the 1999 conviction.

## I.  APPEAL No. A136145

A.  Background

In January 2012, Clark waived his right to a preliminary hearing, and the case was subsequently continued to April 3, 2012.  At the April 3 hearing, defense counsel told the court:

" . . . Mr. Clark gets arrested on a 261.5 and convicted of that in 1999. . . . [T]here is a failure to register in 2009 and he goes to prison on the failure to register.  And he comes out of prison and then there is an immediate failure to register again on that.

"Now in the interim, since Mr. Clark has been arrested, he completed I believe his parole violation on this matter.  He's been out doing many positive things. . . .

"The People's offer is a stipulated five-year term at 80 percent . . . .

"Now he could go ahead and plead guilty, he could plead open, and then we don't have a record as to what his thought process was at the time he absconded and did not register as he was required to do pursuant to 290.  But I think to make a more clear record and fully lay out what I think is important is I would agree, if the district attorney would,

2

to stipulate to the crime report in this matter in a court trial, and the only additional evidence is I would call Mr. Clark as a witness and we would have a record as to what his thought process was at the time. So we could have a trial in ten minutes, and then the Court can make whatever appropriate finding of guilt or innocence that it wants. I'm not saying that this is going to absolve Mr. Clark or that the Court is going to find him not guilty. I think the Court is going to find him guilty, so it is more analogous to a slow plea. That's how I would like to proceed in this matter. . . . . [A]t this point in his life, with all the positive things he's done over the last few months, he's in a place where he hasn't been in I don't believe his entire life and he doesn't want to now go back and do four plus years on another CDC commitment."

The following discussion ensued:

"The Court: So first of all . . . this is a very unusual case, to ever go to prison on a registration, and also to have a registration on a 261.5. I don't know what the original case was.

"[Defense Counsel]: The original case was a sexual relationship that Mr. Clark had with a 17-year-old girl.

"How old were you at the time?

"The Defendant: 28.

"[Defense Counsel]: She was 17. There were numerous counts that were dismissed. None of them forced, but alleging oral copulation. Also they were discretionary, I believe most of them as far as sexual registration. But he did enter a plea. He did agree to registration as part of that."

After further discussion, including mention by defense counsel that the section 261.5 prior involved "40 some counts," the hearing concluded with the following statements:

"[Defense Counsel]: What I'd like to do is proceed in the manner I put out this morning. And maybe we could give the district attorney a couple days to think about that and we'll come back on Friday? Friday is the trial date.

"[Prosecutor]: That's fine. [¶] . . . [¶]

3

"The Court: . . . But you are willing to waive your right to a jury trial and proceed the way [defense counsel] suggested?

"The Defendant: Yes, Your Honor.

"The Court: Submitting the crime reports and then having your testimony?

"[Defense Counsel]: We could do the waiver now, or the People may not want to join in that?

"[The Prosecutor]: I'm not prepared today.

"The Court: So the next date is the 6th."

At the outset of trial on April 6, the court told Clark: "It's already been described on the record that there is a proposal to, one, both sides waive jury trial. Two that the case be in part presented by paper, by crime reports and stipulations on the prior offenses, but also that you testify under oath to have your side of the story documented." The court then took Clark's jury trial waiver, after confirming that he understood: "You have a right to remain silent, right against self-incrimination. It is your personal choice whether you testify. You can just contest the case because the People have the burden of proof. You have none." The court then asked, "So are both sides ready to proceed in the court trial as outlined?" The responses were:

"[The Prosecutor]: Yes

"[Defense Counsel]: Yes, with one additional waiver if I could.

"Mr. Clark, you and I have talked about proceeding in this matter, based on the police report, and your testimony, and I've advised you that I anticipate and believe this will result in a conviction on these charges, so I've advised you of that, correct?

"The Defendant: Yes, Your Honor—I mean yes.

"[Defense Counsel]: Okay, thank you."

The People's case consisted of three exhibits: Exhibit 1, police reports on the circumstances surrounding Clark's October 2011 arrest as a "[p]arolee at [l]arge"; Exhibit 2, certified copies of nine sex offender registration forms Clark executed from August 22, 2006, to July 19, 2007; and Exhibit 3, a section 969b packet of Clark's prison records. Exhibit 2 was offered to prove that Clark "had knowledge of his [registration]

4

requirement." Exhibit 3 was offered to prove that Clark was in custody for more than 30 days before being released and failing to register.

Clark took the stand as agreed. On direct examination, he acknowledged that he was imprisoned in 2009 for failing to register as a sex offender, and that he absconded for seven months after being paroled in March of 2011. On cross-examination, he admitted that he was ordered to register as a sex offender when he was convicted of violating section 261.5.

B. Discussion

Clark does not dispute that his testimony was sufficient to establish that he was required to register as a sex offender, but argues that he was entitled to a judgment of acquittal before he took the stand because the People's evidence failed to prove this element of his section 290.015 offense.

In all of the nine sex offender registration forms in Exhibit 2, Clark's initials appear next to the statement: "My responsibility to register as a sex offender is a lifetime requirement." The documents in Exhibit 3 included an abstract of judgment showing that Clark was convicted in 2009 of failing to register as a sex offender. Exhibit 3 also included entries in a Department of Corrections and Rehabilitation chronological history for Clark from 1995 to 2012. An entry dated May 24, 2006, reads in part: "Rcvd faxed copy of minute order from DOJ on Son Co Case # SCR27982 [the section 261.5 conviction], indicating subject is to register per PC 290."

"In determining whether a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt, the appellate court 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) Here, the court could reasonably infer solely from Clark's prior conviction for failing to register that he was in fact subject to the registration requirement. Clark's argument to the contrary rests primarily on *People v. Mason* (2013) 218 Cal.App.4th 818 (*Mason*). The *Mason* court reversed a conviction of failing to register as a sex offender for jury instructional error, and held that the defendant could

5

not be retried because the prosecution presented insufficient evidence that the defendant had committed a crime for which registration was required. (*Id.* at p. 826.) That conclusion was questionable, in our view, because the prosecution introduced documents showing that the defendant had two previous convictions for failing to register. (*Id.* at p. 821, fn. 3.)

*Mason* is distinguishable in any event.[2] It did not involve a pretrial stipulation like the one here where it was agreed that the People would put on a "bare bones," document-only case, and the defendant would testify. Given the agreement that Clark would take the stand, he was in no position to seek a judgment of acquittal at the close of the prosecution's case. The case could not have been resolved at that point because it was understood that further evidence would be presented. Since a motion for acquittal would have been futile, counsel cannot be faulted for failing to make it. (See, e.g., *People v. Memro* (1995) 11 Cal.4th 786, 834 [futile motions are unnecessary]; see also *People v. Nitschmann* (2010) 182 Cal.App.4th 705, 709 [defendant estopped from challenging a procedure he agreed could be utilized].)

During Clark's testimony, he admitted that he was required to register (a point his counsel's pretrial remarks showed was never in dispute). That admission was dispositive for purposes of substantial evidence review, and cured any failure of proof in the prosecution's case. On this record there is no basis to conclude that Clark's counsel was ineffective for either failing to move for dismissal or for calling Clark to the stand.

## II.  HABEAS PETITION No. A140603

Clark argues that he was not lawfully required to register as a sex offender in the 1999 case because he was not ordered to register before the judgment in that case was executed, or because he was not advised, when he entered into his plea agreement in that case, that registration would be a lifetime requirement. However, he cannot now obtain

---

[2]In view of that conclusion, we deny as moot Clark's request for judicial notice of the briefing in that case.

relief from the 1999 proceedings through this petition because he is no longer in custody for the 1999 conviction.

*In re Douglas* (2011) 200 Cal.App.4th 236 (*Douglas*) is directly on point. Douglas entered his nolo contendere plea in 1997 to sexual battery, an offense that triggered the duty to register as a sex offender, and in 2008, 2009, and 2010 was charged with failing to register. Trials on the charges were pending and he was out on bail when he filed his habeas petition alleging that he was not advised of the registration requirement before he entered his 1997 plea. (*Id*. at p. 241.) The trial court granted the writ and vacated the 1997 conviction. (*Id*. at p. 242.) The appellate court reversed, concluding that the petition failed because when Douglas filed his habeas petition he was no longer in custody on the 1997 conviction.

Douglas conceded that his continuing duty to register did not constitute constructive custody for purposes of the 1997 conviction, but argued that he was in constructive custody because he was on bail awaiting trial on the failure to register charges. But the court concluded Douglas was not in custody "for the conviction under attack." (*Douglas*, *supra*, 200 Cal.App.4th at p. 248.) He was "in custody pursuant to his second offense (failing to register as a sex offender), not pursuant to his earlier offense (sexual battery)." (*Id.* at p. 249.) " '[O]nce a defendant has been released and is no longer subject to parole or probation, he or she is no longer in constructive custody and [the] avenue [of petition for writ of habeas corpus] is foreclosed.' " (*Id.* at p. 248, quoting *People v. Picklesimer* (2010) 48 Cal.4th 330, 339.)

As Clark does here, Douglas asked the court to follow *Zichko v. Idaho* (9th Cir. 2001) 247 F.3d 1015, 1019 (*Zichko*), which held that a petitioner incarcerated for failing to register as a sex offender was considered in custody for purposes of attacking an expired rape conviction by habeas corpus because the conviction was " 'a necessary predicate' " to the failure to register charge. But the holding in *Zichko* contravened higher authority that " 'once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.' "

7

(*Douglas*, *supra*, 200 Cal.App.4th at pp. 248–249, quoting *Maleng v. Cook* (1989) 490 U.S. 488, 492.)  Moreover, "[t]he end result of applying *Zichko* is that failure to register as a sex offender, resulting in subsequent arrest and charges, is rewarded with access to expired convictions."  (*Douglas*, at p. 248.)  We agree with the *Douglas* court that "[i]gnoring his legal obligation to register as a sex offender should not give [the defendant] access to [challenge] expired convictions."  (*Id.* at p. 249.)

### III.  DISPOSITION

The judgment is affirmed and the petition for habeas corpus is denied.


_____
Siggins, J.


We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

8