Filed 7/13/16  P. v. Escobar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERONIMO ESCOBAR III,<br><br>Defendant and Appellant. | C077328<br><br>(Super. Ct. No. CRF13-2337)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on June 15, 2016, be modified as follows:

1.     On page three, immediately below the heading "DISCUSSION," insert the following:

# I

## *Health and Safety Code Section 11360*

2. Delete footnote seven on page seven and add the following footnote in its place:

The jury was instructed on the CUA defense, in relevant part, as follows: "Possession or transportation of marijuana is lawful if authorized by the [CUA]. The [CUA] allows a person to possess or transport marijuana for personal medical purposes when a physician has recommended or approved such use. The amount of marijuana possessed or transported must be reasonably related to the patient's current medical needs. In deciding if marijuana was transported for medical purposes, also consider whether the method, timing, and distance of the transportation were reasonably related to the patient's current medical needs. The People have the burden of proving beyond a reasonable doubt that the defendant was not authorized to possess or transport marijuana for medical purposes. If the People have not met this burden, you must find the defendant not guilty of this crime." During closing arguments, the prosecutor argued that defendant's medical needs during his four-hour trip to Oroville did not require him to possess approximately one pound of marijuana.

3. On page eight, immediately before the heading "DISPOSITION," insert the following:

## II

### *Sufficiency of the Evidence*

In his opening brief, defendant challenged the sufficiency of the evidence regarding his conviction for transportation of marijuana. He argued that the record does not contain substantial evidence demonstrating that his transportation of marijuana was not reasonably related to his current medical needs. Having concluded that remand was appropriate based on rule of retroactivity articulated in *Estrada*, we did not address this argument. In a petition for rehearing, defendant alerted us to our failure to specifically discuss the sufficiency of the evidence argument. We do so now, and reject the argument.

As set forth above, defendant asserted an affirmative defense to the marijuana offenses based on the CUA and the jury was instructed on the defense. As applied to the preamendment version of section 11360, the CUA defense is limited to situations in which "the quantity transported and the method, timing and distance of the transportation are reasonably related to the patient's current medical needs." (*People v. Trippet* (1997) 56 Cal.App.4th 1532, 1550-1551; *People v. Wayman, supra*, 189 Cal.App.4th at pp. 220, 223; *People v. Wright, supra*, 40 Cal.4th at p. 92, fn. 7.) A patient's "current medical needs" is a factual question to be determined by the trier of fact. (*People v. Trippet, supra*, 56 Cal.App.4th at p. 1549.)

Viewing the evidence in the light most favorable to the prosecution, we conclude that substantial evidence supports the jury's verdict on the transportation of marijuana offense. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1289-1290 [" '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "], italics omitted.) As discussed above, at the time of the traffic stop, defendant had a medical marijuana recommendation for possession of eight

ounces of medical cannabis.  Defendant testified that he consumed about three to four ounces of marijuana per day, but stated that stated he could make a pound of marijuana last at least one month.  Dr. Badgley testified he would recommend four pounds of dried marijuana flower per month for defendant's pain relief, i.e., approximately two ounces a day.  Under the circumstances of this case, a rational jury could have concluded beyond a reasonable doubt that defendant's transportation of approximately one pound of marijuana on his three- to four-hour trip to Oroville was not reasonably related to his current medical needs.

    This modification does not change the judgment.
    The petition for rehearing is denied.

THE COURT:

    BLEASE    , Acting P. J.


    NICHOLSON    , J.


    ROBIE    , J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C077328 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-2337) |
| v. | |
| GERONIMO ESCOBAR III, | |
| Defendant and Appellant. | |

A jury found Geronimo Escobar III guilty of transportation of marijuana (Health & Saf. Code, § 11360, subd. (a))[1] and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)).  Without suspending imposition of sentence, the trial court placed defendant on three years of formal probation.  On appeal, defendant contends, among other things, under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the recent amendments

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

to section 11360 must be applied retroactively to require that we reverse his drug transportation conviction. We agree and reverse defendant's drug transportation conviction and remand for possible retrial. The judgment is affirmed in all other respects.

BACKGROUND

At about 8:00 p.m. on September 12, 2013, defendant was stopped for speeding in Sutter County by California Highway Patrol Officer Leo Smith. A female passenger was riding in the front seat. As Officer Smith approached defendant's vehicle, he detected a strong odor of marijuana. Officer Smith advised defendant he had been stopped for speeding and asked him where the marijuana was located. Defendant told Officer Smith the marijuana was on the backseat. He then reached into the back seat and uncovered two Ziploc bags containing approximately one pound of marijuana.[2] Defendant also had $1,200 in cash in his car, which he claimed was rent money due that day.

Defendant admitted ownership of the marijuana as well as a small amount of concentrated cannabis also in the vehicle. Defendant told Officer Smith he acquired the marijuana in Sacramento earlier that day in exchange for a welding job. He explained he had just left Oroville and was returning to his home in Sacramento.

Defendant further explained he was authorized to use medical marijuana, and he used up to four and a quarter ounces a day, although he noted he had not consumed any marijuana on that day. Based on defendant's stated amount of marijuana consumption, Officer Smith concluded defendant possessed more marijuana than his daily needs required.[3] As a consequence, Officer Smith seized the marijuana and concentrated cannabis. A records check revealed defendant's license was suspended. Defendant was arrested and taken into custody.

---

[2] One of the bags contained 218 grams of marijuana while the other bag contained 217 grams of marijuana.

[3] At trial, Officer Smith testified as an expert in the field of marijuana.

2

Defendant was charged with one count of possession of concentrated cannabis (§ 11357, subd. (a)), one count of transportation of marijuana (§ 11360, subd. (a)), one count of possession of more than 28.5 grams of marijuana (§ 11357, subd. (c)), and one count of driving on a suspended license (Veh. Code, § 14601.1, subd. (a)).

At trial, defendant asserted an affirmative defense to the marijuana offenses based on the Compassionate Use Act of 1996 (CUA).[4] The jury found defendant guilty of transportation of marijuana (§ 11360, subd. (a)) and driving on a suspended license (Veh. Code, § 14601,1, subd. (a)). The jury acquitted defendant on the two possession counts. Without suspending imposition of sentence, the trial court placed defendant on three years of formal probation.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends, under *Estrada,* the recent amendments to section 11360 must be applied retroactively to require that we reverse his drug transportation conviction. We agree.

Among other things, section 11360 provides that any person who "transports" marijuana shall be punished by imprisonment. (§ 11360.) Courts had interpreted the word "transports" to include transport of controlled substances for personal use. (See *People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668.) But the Legislature recently amended section 11360 to define "transport" to mean "transport for sale." (See Assem. Bill No. 730 (2015-2016 Reg.

---

**4** In 1996, California voters adopted Proposition 215, the CUA (§ 11362.5). The CUA "provides a defense for physician-approved possession and cultivation of marijuana." (*People v. Wright* (2006) 40 Cal.4th 81, 90.) It also provides a defense "to a charge of transporting marijuana where certain conditions are met." (*Id*. at p. 92.)

Sess.).) Those amendments took effect on January 1, 2016. (See Cal. Const., art. IV, § 8, subd. (c)(1).)

The amended statute does not contain a saving clause which evinces the Legislature's intent the amendments apply prospectively only. (See Assem. Bill No. 730.) The purpose of the amendments is to require a conviction for transportation of marijuana to include proof of intent to sell, as is currently the case for numerous other drugs. (See Sen. Rules Com., Rep. on Assem. Bill No. 730 (2015-2016 Reg. Sess.) June 10, 2015, pp. 3-4.) The amendments benefit defendant by requiring proof of an additional element—intent to sell—for a felony drug transportation conviction, and by eliminating criminal liability for drug transportation in cases involving possession for personal use. (*Ibid.*) The parties agree the amendments to section 11360 will take effect before the judgment against defendant becomes final. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed' "].)

Under the present circumstances, we adhere to the well-established principle, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed," if the amended statute takes effect before the judgment of conviction becomes final. (*Estrada*, *supra*, 63 Cal.2d at pp. 744, 748.) The rule articulated in *Estrada* applies to amendments which add to the elements of a crime or enhancement. (*People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68 (*Figueroa*).) Thus, as the People concede, defendant is entitled to the benefit of the amendments to section 11360 under the rule established in *Estrada*. (*People v. Vinson, supra*, 193 Cal.App.4th at pp. 1197-1199; *People v. Todd, supra*, 30 Cal.App.4th at pp. 1728-1730; *Figueroa*,

*supra*, 20 Cal.App.4th at p. 68.) Accordingly, we will reverse the drug transportation conviction and remand for further proceedings.

We reject defendant's contention remand is inappropriate because there is insufficient evidence to prove he was transporting marijuana for purposes of sale. "Where . . . evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence. [Citation.]" (*Figueroa, supra*, 20 Cal.App.4th at p. 72.) Here, because the prosecution had no reason to prove defendant intended to sell marijuana under the preamendment statute, remand is appropriate. When a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand. (*Id.* at pp. 71-72 & fn. 2.)

We also reject the People's contention it was harmless error for the trial court not to instruct the jury on the intent to sell element. That is, instruct the jury defendant could not be convicted of transporting marijuana unless it determined beyond a reasonable doubt defendant transported the marijuana with the intent to sell it. The People contend this element was established beyond a reasonable doubt because the evidence presented at trial showed defendant was engaged in illegally sharing, furnishing, or trading marijuana with a group of friends. According to the People, had the jury been instructed on the intent to sell element, it would have found the element was satisfied. We disagree.

Instructional error that omits an element of the offense is subject to review under the harmless error analysis set forth in *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. (*People v. Mason* (2013) 218 Cal.App.4th 818, 825.) This means "we proceed to consider whether it appears beyond a reasonable doubt that the error did not contribute to the jury's verdict." (*People v. Mil* (2012) 53 Cal.4th 400, 417.) Citing *Neder v. United States* (1999) 527 U.S. 1 [144 L.Ed.2d 35], our Supreme Court explained: "*Neder* instructs us to 'conduct a thorough examination of the record. If, at

5

the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error—for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding—it should not find the error harmless.' [Citation.] On the other hand, instructional error is harmless 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.' [Citations.] Our task, then, is to determine 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.' [Citations.]" (*People v. Mil*, *supra*, at p. 417.)

Here, because we cannot conclude beyond a reasonable doubt the jury verdict would have been the same had the jury been instructed on the intent to sell element, remand for further proceedings is appropriate. The record does not contain overwhelming evidence establishing defendant had the specific intent to sell marijuana. Aside from the fact defendant acquired about a pound of marijuana in exchange for a welding job, possessed $1,200 in cash, and shared and/or traded marijuana with friends, there is no evidence in the record suggesting defendant was transporting marijuana for purposes of sale.[5] Further, the record contains sufficient evidence to support a contrary finding; namely, defendant possessed the marijuana for personal use.

At trial, defendant asserted an affirmative defense to the marijuana offenses based on the CUA. Both defendant and Dr. Laurence Badgley testified regarding defendant's medical need for marijuana. To control his pain from injuries sustained in a car accident, defendant testified he consumed about three to four ounces of marijuana per day in a

---

[5] At trial, defendant testified he traded welding services for marijuana. He also testified he and a small group of friends traded "clones" or genetic seeds, and the group also "help[ed] each other out with medicine." Defendant admitted that the group of friends he "traded marijuana back and forth [with]" is not part of a marijuana collective or dispensary.

variety of ways, including smoking and/or ingesting it.  However, he stated he could make a pound of marijuana last at least one month.  Dr. Badgley testified he would recommend four pounds of dried marijuana flower per month for defendant's pain relief, i.e., approximately two ounces a day.[6]

Based on the evidence in the record, a jury instructed on the intent to sell element could have reasonably concluded that defendant transported the marijuana for personal use.  The fact the jury disbelieved the CUA defense as to the transportation charge does not suggest the jury believed defendant was transporting marijuana for purposes of sale.  The jury's finding of guilt on the transportation charge merely reflected its determination defendant transported more marijuana than was reasonably related to his "current medical needs," considering the method, timing, and distance of the transportation.[7]  (See *People v. Wayman* (2010) 189 Cal.App.4th 215, 220, 223 [in the transportation context, the CUA defense only applies to situations in which " 'the quantity transported and the method, timing and distance of the transportation are reasonably related to the patient's current medical needs' "; it does not provide qualified marijuana users "an unfettered right to

---

[6]     At the time of the traffic stop, defendant had a medical marijuana recommendation for possession of eight ounces of medical cannabis.  The physician that provided this recommendation did not testify at trial because he died before trial commenced.  At trial, Dr. Badgley opined that eight ounces of marijuana was insufficient to control defendant's pain.

[7]     The jury was instructed on the CUA defense, in relevant part, as follows: "Possession or transportation of marijuana is lawful if authorized by the [CUA].  The [CUA] allows a person to possess or transport marijuana for personal medical purposes when a physician has recommended or approved such use.  The amount of marijuana possessed or transported must be reasonably related to the patient's current medical needs.  In deciding if marijuana was transported for medical purposes, also consider whether the method, timing, and distance of the transportation were reasonably related to the patient's current medical needs. . . ."  During closing arguments, the prosecutor argued that defendant's medical needs during his four-hour trip to Oroville did not require him to possess approximately one pound of marijuana.

take their marijuana with them wherever they go, regardless of their current medical needs"].) Given the jury's acquittal on the possession charges, had defendant transported less marijuana on his trip to Oroville or been traveling to Oroville for an extended period of time, the jury might have reached a different conclusion on the transportation charge.**8**

## DISPOSITION

The judgment with respect to defendant's conviction for transporting marijuana (§ 11360) is reversed and remanded for possible retrial. The judgment is affirmed in all other respects.

     NICHOLSON    , J.

We concur:

     BLEASE     , Acting P. J.

     ROBIE     , J.

---

**8** Because we reverse defendant's conviction for transportation of marijuana based on *Estrada*, we will not address the other arguments raised by defendant on appeal.