Filed 10/22/14  P. v. Phu CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073986 |
| v. | (Super. Ct. No. 12F00716) |
| DUC PHU, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Duc Phu asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We directed the parties to file supplemental letter briefs discussing whether a recent amendment to Health and Safety Code section 11379 affects defendant's conviction for transportation of a controlled substance.

1

Based on our review of the record and the supplemental letter briefs filed by the parties, we will reverse the judgment, vacate the plea, reinstate the original charges, and remand the matter to the trial court for further proceedings.

BACKGROUND

Defendant drove a vehicle containing approximately 19.4 grams of methamphetamine on January 26, 2012. He drove the vehicle for the benefit of the Tiny Rascal Gangsters street gang.

An amended consolidated information charged defendant with active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a) -- count one); possession of a controlled substance for sale (Health & Saf. Code, § 11378 -- count two); transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a) -- count three); possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a) -- count four); possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1) -- count six); and driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a) -- count seven). The amended consolidated information further alleged that defendant was previously convicted of a serious felony (Pen. Code, §§ 667, subd. (b)-(i), 1170.12), was armed with a firearm during the commission of his crimes (Pen. Code, § 12022, subd. (c)), committed his crimes for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)), and was ineligible to be sentenced to county jail because he was previously convicted of a serious or violent felony and is required to register as a sex offender (Pen. Code, § 1170, subd. (h)(3)).

Defendant moved the trial court to have his appointed counsel discharged pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The trial court denied the motion.

Defendant pleaded no contest to transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a) -- count three) and admitted that he committed the crime for

2

the benefit of a criminal street gang and that he was previously convicted of a serious or violent felony.

Prior to sentencing, defendant moved to withdraw his plea based on ineffective assistance of counsel. The trial court held a closed hearing and ultimately denied defendant's motion to withdraw his plea.

Pursuant to the terms of the plea agreement, the trial court sentenced defendant to 11 years in state prison, dismissed the remaining charges, awarded presentence credit, and ordered defendant to pay various fines and fees. The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

Appointed appellate counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

We subsequently directed the parties to file supplemental letter briefs discussing whether a recent amendment to Health and Safety Code section 11379 affects defendant's conviction for transportation of a controlled substance. We have reviewed the entire record and the supplemental letter briefs.

Among other things, Health and Safety Code section 11379 provides that any person who "transports" specified controlled substances, including methamphetamine, shall be punished by imprisonment. (Health & Saf. Code, § 11379 [and its predecessor version, Stats. 2001, ch. 841, § 7, pp. 6870-6871].) Courts had interpreted the word "transports" to include transport of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) But the Legislature recently amended Health and Safety Code section 11379

3

to define "transports" as transport for sale. (Health & Saf. Code, § 11379, subd. (c); Stats. 2013, ch. 504, §§ 1-2.) The amendment took effect on January 1, 2014, after defendant's conviction and sentencing.

The amended statute does not contain a saving clause evincing the Legislature's intent that the amendment apply prospectively only. According to the author, the purpose of the amendment was to limit felony drug transportation charges to individuals involved in drug trafficking. (Assem. Com. on Pub. Safety, Rep. on Assem. Bill No. 721 (2013-2014 Reg. Sess.) Apr. 15, 2013, coms.) The amendment made it " 'expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under [the amendment], a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation.' " (*Ibid.*) The amendment benefits a defendant by requiring proof of an additional element -- intent to sell -- for a felony drug transportation conviction, and by eliminating criminal liability for drug transportation in cases involving possession for personal use. Thus, retroactive application of the amended statute is consistent with the legislative intent of the amendment. Moreover, the amendment to Health and Safety Code section 11379 took effect when the judgment against defendant was not yet final. (*People v. Rossi* (1976) 18 Cal.3d 295, 304 [the rule applies to any proceeding, which at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it].)

Under the present circumstances, we adhere to the well-established principle that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final. (*In re Estrada* (1965) 63 Cal.2d 740, 744, 748.) The rule articulated in *Estrada* applies to amendments which add to the elements of a crime or enhancement. (*People v.*

*Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68.)  Under *Estrada*, defendant is entitled to the benefit of the amendment to Health and Safety Code section 11379.  (*People v. Vinson*, *supra*, 193 Cal.App.4th at pp. 1197-1199; *People v. Todd, supra*, 30 Cal.App.4th at pp. 1728-1730; *People v. Figueroa, supra*, 20 Cal.App.4th at p. 68.)

Accordingly, based on our review of the record and the supplemental letter briefs filed by the parties, we will reverse the judgment, vacate the plea, reinstate the original charges, and remand the matter to the trial court for further proceedings.

DISPOSITION

The judgment is reversed, the plea is vacated, and the original charges are reinstated.  The matter is remanded to the trial court for further proceedings.


                                                              _____MAURO_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____HULL_____, J.