Filed 4/23/15  P. v. Saldano CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074444 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F06951, 13F00647) |
| v. | |
| RAUL ROBERTO SALDANO, | MODIFICATION OF OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion of this court filed on April 13, 2015, in the above-entitled case is modified as follows:

On page 2, delete words "of equal protection as" which are in the next to the last line of the first full paragraph.

BY THE COURT:


_____MURRAY_____, J.


_____BLEASE_____, Acting P. J.


_____HULL_____, J.

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074444 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F06951, 13F00647) |
| v. | |
| RAUL ROBERTO SALDANO, | |
| Defendant and Appellant. | |

In case No. 13F00647, a jury convicted defendant Raul Roberto Saldano of possession of methamphetamine (Health & Saf. Code, § 11377),[1] as a lesser included offense to the charge of possession of methamphetamine for sale (§ 11378, subd. (a) (count 1)); transportation of methamphetamine (§ 11379, subd. (a)(count 2)); possession of morphine (§ 11350), a lesser included offense to the charge of possession of morphine for sale (§ 11351 (count 3)); and transportation of morphine (§ 11352, subd. (a) (count 4)). Defendant admitted a prior strike conviction. The court sentenced defendant

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

to state prison for eight years on count 4 and to six years on count 2, that term to run concurrently with count 4[2]; and without imposing any sentences on counts 1 and 3, purportedly stayed the sentences on those counts pursuant Penal Code section 654.[3]

On appeal defendant contends, and the People agree, that due to recent amendments by the Legislature to sections 11379 and 11352, his convictions for those offenses must be reversed pursuant to principles of equal protection as set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). We too agree.

### Discussion

Defendant's convictions in counts 1 through 4 arose from a search of his person conducted on January 29, 2013, by Sacramento City Police officers who had stopped him while he was walking down a street. The search revealed 12 baggies in defendant's coat pocket, each containing 0.10 to 0.20 grams of methamphetamine, and a bottle containing 51 morphine sulfate pills in his pants pocket.

In 2013 sections 11379 and 11352 set forth various ways in which each section could be violated, including transporting, offering to transport, or attempting to transport either methamphetamine or morphine.[4] While neither section defined what constituted

---

[2] The court also found defendant in violation of his probation in case No. 11F06951, and imposed a concurrent four-year term. No issue is raised in this appeal regarding case No. 11F06951.

[3] This part of the trial court's sentence was unauthorized. It is not possible to stay a sentence not imposed. "[If] a defendant suffers two convictions, punishment for one of which is precluded by [Penal Code] section 654, that section *requires* the sentence for one conviction to be imposed, and the other *imposed and then stayed.*" (*People v. Deloza* (1998) 18 Cal.4th 585, 591-592, italics added; accord, *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469).)

[4] In pertinent part, section 11379 provided: "(a) Except as otherwise provided in subdivision (b) and in Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import

2

"transportation," case law was clear -- "transport," as used in such statutes, referred to any movement of contraband.  For example, in *People v. LaCross* (2001) 91 Cal.App.4th 182, 185, the court stated:  " 'Transport,' as used in [section 11379], has no technical definition.  'Transportation of a controlled substance is established by carrying or conveying a useable quantity of a controlled substance with knowledge of its presence and illegal character.' [Citation.]  'To transport means to carry or convey from one place to another.'  [Citation.]"

Operative January 1, 2014, while defendant's appeal was pending, the Legislature amended sections 11379 and 11352 by adding subdivision (c) to each section.  Subdivision (c) provides:  "For purposes of this section, 'transports' means to transport for sale."  (§ 11379, subd. (c), added by Stats. 2013, ch. 504 (Assem. Bill No. 721), § 2; § 11352, subd. (c), added by Stats. 2013, ch. 504 (Assem. Bill No. 721), § 1.)

According to the legislative history, the purpose of subdivision (c) was to clarify that it was the Legislature's intent in enacting sections 11352 and 11379, that these sections be applied to individuals involved in drug trafficking or sales, not to persons walking down the street in possession of an amount of controlled substance sufficient only for personal use.  (Assem. Bill No. 721, 3rd reading Apr. 19, 2013 (2013-2014 Reg. Sess.) p. 2.)

---

into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any [specified] controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years."

  In pertinent part, section 11352 provided:  "(a) Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [] any [specified] controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years."

3

Relying on *Estrada*, defendant contends he is entitled to the benefit of the new amendment even though it was enacted after he committed his offenses. The People concede the issue and we agree.

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.) Here, the amendments clearly benefit defendants with pending methamphetamine or morphine transportation cases, and for whom there is insufficient proof of possession for sale, by rendering them immune from prosecution under sections 11379 or 11352 and the more severe punishment provided by these sections.

*People v. Figueroa* (1993) 20 Cal.App.4th 65 (*Figueroa*), is analogous to the present case. There, the defendant was convicted of sale and possession for sale of cocaine base (§§ 11352, subd. (a), 11351.5, respectively.) Because the offenses took place within 1,000 feet of an elementary school, the defendant's sentence for the two convictions was enhanced by three years pursuant to section 11353.6, subdivision (b). (*Figueroa*, at pp. 68-69.) While the defendant's appeal was pending, the Legislature amended the enhancement statute to require that for the enhancement to apply to sections 11351.5 and 11352 the offenses must occur while school was in session or minors were using the facility. (*Id.* at p. 69.)

The defendant in *Figueroa* argued that the amendment should apply to him because the evidence given at trial was insufficient to support a true finding of the section 11353.6, subdivision (b), enhancement. (*Figueroa*, *supra*, 20 Cal.App.4th at p. 69.)

4

Relying on *Estrada* and *Tapia v. Superior Court* (1991) 53 Cal.3d 282, the latter is which applied *Estrada* to enhancements, the *Figueroa* court agreed that the defendant was entitled to the benefit of the amendment. (*Figueroa*, at p. 71.) However, because the prosecution had no reason to prove whether school was in session or children were present under the pre-amendment statute, the appellate court remanded the matter to afford the People the opportunity to prove such facts. (*Id.* at pp. 71-72.)

We shall reverse defendant's convictions in counts 2 and 4. However, unlike the circumstances in *Figueroa*, we need not remand the matter to afford the People the opportunity to prove the controlled substances were possessed for sale because, as the People appropriately concede, the jury acquitted defendant of the possession for sale charges and convicted him of the lesser included offense of illegal possession of methamphetamine and morphine in counts 1 and 3 respectively. Accordingly, we dismiss counts 2 and 4.

### Disposition

The sentence is vacated. The convictions in counts 2 and 4 are reversed and those counts dismissed. The matter is remanded for sentencing on counts 1 and 3.[5]

     MURRAY     , J.

We concur:

     BLEASE     , Acting P. J.

     HULL     , J.

---

[5] See fn. 3, *ante*.