[No. B063844. Second Dist., Div. Four. Nov. 16, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE GUZMAN FIGUEROA, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Lawrence C. Hersh, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Cynthia G. Besemer, James T. McNally and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, Acting P. J.**—Applying governing precedent, we hold that a defendant is entitled to the benefit of an amendment to an enhancement statute, adding a new element to the enhancement, where the statutory change becomes effective while the case was on appeal, and the Legislature did not preclude its effect to pending cases. We also hold that the People are entitled to an opportunity, on remand, to prove up the new element.

## FACTUAL SUMMARY

Appellant, Jose Guzman Figueroa, appeals from his conviction of sale of cocaine base (Health & Saf. Code, § 11352, subd. (a)) and possession for sale of cocaine base (Health & Saf. Code, § 11351.5; all further code citations are to that code unless otherwise indicated) and an additional three-year enhancement sentence under section 11353.6, subdivision (b).

About 10:30 a.m. on April 24, 1991, while Police Officers Armando Sandoval and Tracy Mele were working undercover near the corner of 7th and Rampart streets in Los Angeles County, Officer Sandoval made eye contact with appellant, who was in front of 711 Rampart street. Sandoval nodded his head up and down, then walked a short distance and made contact with Jose Delgadillo. Sandoval told Delgadillo in Spanish that he was looking for $20 worth of rock cocaine. Delgadillo answered, "Yes, hold on; I got it." Delgadillo walked north and spoke briefly with appellant, then returned to Sandoval and said, in Spanish, "I won't sell to you. He thinks you are a narc." Delgadillo quickly changed his mind. His next words were, "Give me the money, I will get it for you." Sandoval gave Delgadillo a prerecorded $20 bill and Delgadillo walked over and gave it to appellant. Appellant took the money and put it inside his white tank top, then nodded his head up and down and pointed to a refrigerator on the sidewalk, some three feet north of where he was standing. Delgadillo walked to the refrigerator, took something out, then walked over to Sandoval and handed him .3 grams of a cocaine base substance.

After the transaction, Sandoval gave a signal to nearby officers, who arrived and detained Delgadillo. Appellant ran into a nearby apartment building. Police found him there, although he had abandoned the tank top. A tank top was found on the floor of the apartment. Appellant was escorted out of the building and arrested.

The police recovered 1.59 grams of cocaine from the refrigerator. The $20 bill was not recovered. The distance from 711 Rampart Street to the Hoover Street Elementary School was measured at 703 feet.

Appellant testified in his own behalf at trial. He said he was drinking beer with friends on the morning of April 24, 1991, and was not involved in the drug sale. He stated that after Officer Sandoval walked by, he told Delgadillo that Sandoval looked like a policeman. He denied wearing a tank top, getting money from Delgadillo or pointing to the refrigerator.

DISCUSSION

I

Appellant was convicted on September 6, 1991, for crimes committed on April 24, 1991. A three-year enhancement was applied to appellant's convictions under section 11353.6, subdivision (b) (drug trafficking near schoolyards). The enhancement statute then required only that the crime occur within 1,000 feet of a school. The enhancement statute was amended during the pendency of this appeal. The revised statute, effective January 1, 1992, expanded it to apply to a wide range of narcotics offenses, and added a requirement that school be in session or that minors be using the facility when the offense occurs. The statute as amended now provides: "Any person 18 years of age or over who is convicted of a violation of Section 11351.5, or of Section 11352, or 11379.6, as those sections apply to paragraph (1) of subdivision (f) of Section 11054, or of Section 11351, 11352, or 11379.6, as those sections apply to paragraph (11) of subdivision (c) of Section 11054, or of a conspiracy to commit one of those offenses, where the violation takes place upon the grounds of, or within 1,000 feet of, a public or private elementary, vocational, junior high, or high school *during hours that the school is open for classes or school-related programs, or at any time when minors are using the facility where the offense occurs*, shall receive an additional punishment of 3, 4, or 5 years at the court's discretion."[1] (Italics added.)

Appellant argues this amendment, particularly the portion we have emphasized, should apply to him. He contends that since the evidence introduced at trial was insufficient to sustain a true finding under section 11353.6, subdivision (b) as amended in 1992, reversal is required.

The governing rule was announced by our Supreme Court nearly 30 years ago in *In re Estrada* (1965) 63 Cal.2d 740, 748 [48 Cal.Rptr. 172, 408

---

[1]A legislative committee report, prepared while the amendatory bill was pending, explains the reason for the requirement that school be open or that minors are using the facility when the crime occurs. This change was made in order to conform section 11353.6 with existing language in section 11353.1, which provides an enhancement for using a minor to sell specific controlled substances at or within 1,000 feet of a school that is in session or while minors are using the facility. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2124 (1991-1992 Reg. Sess.) as amended Aug. 19, 1991.)

P.2d 948]: "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." In *People* v. *Rossi* (1976) 18 Cal.3d 295, 304 [134 Cal.Rptr. 64, 555 P.2d 1313], the court applied the rule to the repeal of a criminal statute. The court stated ". . . it is 'the universal common-law rule that when the Legislature repeals a criminal statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct. The rule applies to any such proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it.'" (Quoting from *Bell* v. *Maryland* (1964) 378 U.S. 226, 230 [12 L.Ed.2d 822, 826, 84 S.Ct. 1814].) It is assumed that when the Legislature amends a statute so as to lessen the punishment, ". . . it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 301 [279 Cal.Rptr. 592, 807 P.2d 434].) Absent a savings clause, a criminal defendant is entitled to the benefit of a change in the law that occurs during the pendency of his or her appeal. (*People* v. *Babylon* (1985) 39 Cal.3d 719, 722 [216 Cal.Rptr. 123, 702 P.2d 205]; see also *People* v. *Vasquez* (1992) 7 Cal.App.4th 763 [9 Cal.Rptr.2d 255].)

As we have seen, appellant's conviction was enhanced under section 11353.6, subdivision (b) as it read before the amendment. The statute now requires the prosecution to prove that school was either in session or that minors were using the facility. The amendment clearly benefits appellant since the enhancement can no longer be imposed unless it is proven that school was in session or that minors were using it when the narcotics offense was committed.

It is not surprising that no evidence was introduced at trial to prove this element. The case was tried under the law as it was when the crime was committed (and as it still was when this case was tried). Indeed, if evidence that the school was open or that minors were using it had been offered, it probably would have been excluded on an objection based on lack of relevance. The *Estrada* principle is based on presumed legislative intent. In almost every case, its application has been to amendments that reduce punishment or make an act formerly criminal, not a crime at all. The circumstances of an amendatory change to a penalty statute are covered, however, in *Tapia* v. *Superior Court, supra,* 53 Cal.3d at page 301. In that case the Supreme Court discussed amendments to the death penalty law adopted in 1992 by Proposition 115. One of the changes added an intent element to each of two of the death penalty special circumstances, Penal

Code section 190.2, subdivision (a)(11) and (a)(12). The court held that the new requirement applied to defendants whose crimes were committed before the change if their conviction was not yet final. Reduced to a nondeath penalty context, that is our case. Based on *Estrada* and *Tapia*, we conclude that appellant must be given the benefit of the amended statute.

That does not end our discussion ▇ To say that appellant is now free of the enhancement would be to reward him with a windfall. The People are entitled to an opportunity to prove beyond a reasonable doubt that, when the crime was committed, the school was in session or was being used by minors. We shall remand the case for that purpose.

Since the remand issue was not briefed by the parties, we invited letter responses to our inquiry whether remand is appropriate if we were to apply *Estrada* to this case. Respondent argued that since the crime occurred on nonholiday Wednesday morning in April, we should infer that school was in session. Respondent further argues that we may consider testimony at the preliminary hearing that minors were using the school when the crime was committed. We cannot agree.

Appellant is entitled to have the jury decide every essential element of the crime and enhancement charged against him, no matter how compelling the evidence may be against him. (See *People* v. *Figueroa* (1986) 41 Cal.3d 714, 723 [224 Cal.Rptr. 719, 715 P.2d 680]; *People* v. *Hedgecock* (1990) 51 Cal.3d 395, 409 [272 Cal.Rptr. 803, 795 P.2d 1260].) The issue whether school was in session or was being used by minors during the commission of the crime is now an element of the enhancement, and there has been no jury waiver on this issue. By referring us to the calendar, respondent is asking us to take away that issue through what amounts to judicial notice. *Figueroa* and cases that follow it make it clear that we are not permitted to do so. (See also *People* v. *Zamora* (1980) 28 Cal.3d 88, 96 [167 Cal.Rptr. 573, 615 P.2d 1361] [appellate court shall not judicially notice matters that should have been, but were not presented at trial].) The preliminary hearing testimony cannot be considered because it was never received in evidence at trial.

▇ Appellant argues that remand would violate the constitutional restrictions against ex post facto legislation. The argument is without merit. A law is ex post facto if it is both retrospective and disadvantages the offender it affects. (*Weaver* v. *Graham* (1981) 450 U.S. 24, 29 [67 L.Ed.2d 17, 23, 101 S.Ct. 960]; *In re Jackson* (1985) 39 Cal.3d 464, 469 [216 Cal.Rptr. 760, 703 P.2d 100].) In this case, it is appellant who argues that the amended law be applied retrospectively. The changes are entirely to his advantage, since

he will no longer be subject to an enhanced punishment unless the prosecution proves an additional element. This is not an ex post facto application of the statute.[2]

Finally, appellant argues remand is inappropriate because there is insufficient evidence in the trial record to prove the enhancement under the new law. He is not correct. Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence. (See *People* v. *Balderas* (1985) 41 Cal.3d 144, 197-199 [222 Cal.Rptr. 184, 711 P.2d 480] [retrial of special circumstances issue in death penalty trial after court decision that intent to kill was required for felony-murder special circumstance].)

II*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is reversed and remanded on the issue of the enhancement and for resentencing in the event the enhancement is not proven; in all other respects it is affirmed.

Vogel (C. S.), J., and Conway, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied February 3, 1994.

---

[2]Respondent correctly points out, without dispute, that remand is not barred by the double jeopardy clause. The issue of whether school was in session or that minors were using the facility during the crime was not relevant at the time of trial and the issue was therefore never tried. (See *People* v. *Garcia* (1984) 36 Cal.3d 539, 558, fn. 13 [205 Cal.Rptr. 265, 684 P.2d 826].)

*See footnote, *ante*, page 65.

†Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.