Filed 6/23/14  P. v. Smith CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RENEE MICHELLE SMITH,<br><br>　　　　Defendant and Appellant. | C073638<br><br>(Super. Ct. No. CR-F-12-0002896 ) |

A jury found defendant Renee Michelle Smith guilty of transporting methamphetamine, possession of methamphetamine, possession of drug paraphernalia, and being under the influence of a controlled substance.  The trial court later found true allegations that defendant was twice previously convicted of drug-related offenses.  The trial court granted defendant probation.  Defendant appeals.

Defendant's sole claim on appeal is that under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the recent amendments to Health and Safety Code section 11379[1] (transportation of methamphetamine) should be applied retroactively to reverse her drug

---

[1]  Undesignated statutory references are to the Health and Safety Code.

1

transportation conviction.  The People agree with defendant's contention and so do we.  Accordingly, we reverse defendant's drug transportation conviction but affirm the judgment in all other respects.

BACKGROUND

On July 22, 2012, law enforcement found defendant sitting in the front passenger seat of a car in the Cache Creek Casino parking lot.  Two other individuals were also in the car.  Inside the car, law enforcement found a glass pipe with 0.10 grams of methamphetamine in it and a small vial containing another 0.10 grams of methamphetamine.  Defendant admitted to law enforcement that she was under the influence of methamphetamine, and that she had smoked methamphetamine from the pipe found in the car.

Defendant was charged with transporting methamphetamine (§ 11379, subd. (a)), possession of methamphetamine (§ 11377, subd. (a)), possession of paraphernalia (§ 11364, subd. (a)), and being under the influence of a controlled substance (§ 11550, subd. (a)).  The People further alleged defendant was twice previously convicted of drug-related charges, including possession of a controlled substance for purposes of sale. (§ 11378.)

Defendant pleaded not guilty to all charges and on April 24, 2013, a jury found her guilty as charged.  The trial court later found true the allegations that defendant was previously convicted of two drug-related offenses and awarded defendant probation pursuant to Proposition 36/Penal Code section 1210.1.  Defendant appeals.

DISCUSSION

On appeal, defendant contends that under *Estrada*, the recent amendments to section 11379 (transportation of methamphetamine) should be applied retroactively to reverse her drug transportation conviction.  Defendant argues there was no evidence admitted at trial that she was transporting methamphetamine for purposes of sale.  She

2

therefore argues that under the amended section 11379, her conviction for transportation of methamphetamine must be reversed.

The People agree with defendant's contention.

Among other things, section 11379 provides that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment. (§ 11379 [and its predecessor version, Stats. 2001, ch. 841, § 7, pp. 6870-6871].) Courts had interpreted the word "transports" to include transport of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) But the Legislature recently amended section 11379 to define "transports" as transport for sale. (§ 11379, subd. (c); Stats. 2013, ch. 504, §§ 1-2.) Those amendments took effect on January 1, 2014, after defendant's conviction and sentencing.

The amended statute does not contain saving clauses which evince the Legislature's intent that the amendments apply prospectively only. According to the author, the purpose of the amendments was to limit felony drug transportation charges to individuals involved in drug trafficking. (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 721 (2013-2014 Reg. Sess.) Apr. 15, 2013, p. 2.) The amendments make it " 'expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under [the amendments], a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation.' " (*Ibid.*) The amendments benefit a defendant by requiring proof of an additional element -- intent to sell -- for a felony drug transportation conviction, and by eliminating criminal liability for drug transportation in cases involving possession for personal use. The parties agree that retroactive application of the amended statute is consistent with the legislative intent of the amendments. The parties also agree the amendments to section 11379 took effect when the judgment against defendant was not

3

yet final.  (*People v. Rossi* (1976) 18 Cal.3d 295, 304 [the rule applies to any proceeding, which at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it].)

Under the present circumstances, we adhere to the well-established principle that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final.  (*Estrada*, *supra*, 63 Cal.2d at pp. 744, 748.)  The rule articulated in *Estrada* applies to amendments which add to the elements of a crime or enhancement.  (*People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68 (*Figueroa*).)  Under *Estrada*, defendant is entitled to the benefit of the amendments to section 11379. (*People v. Vinson*, at pp. 1197-1199; *People v. Todd,* at pp. 1728-1730; *Figueroa,* at p. 68.)  Accordingly, we will reverse the drug transportation conviction.

Defendant contends we need not remand the matter for further proceedings because there is insufficient evidence in the record to prove she was transporting the methamphetamine for the purpose of sale.  The People agree; we do not accept the People's concession.  We will remand the matter for further proceedings.  "Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence.  [Citation.]"  (*Figueroa*, *supra*, 20 Cal.App.4th at p. 72.)

## DISPOSITION

The judgment regarding defendant's conviction for transporting methamphetamine is reversed and remanded for possible retrial.  The People shall have 60 days following remittitur from this court to reinstate the charge for transporting methamphetamine and retry that charge under amended section 11379.

4

The judgment regarding sentencing also is vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion.

In all other respects, the judgment is affirmed.

    BLEASE     , Acting P. J.

We concur:

    NICHOLSON     , J.

    HOCH     , J.