Filed 8/28/14  P. v. Taylor CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHELLE LYNN TAYLOR,<br><br>        Defendant and Appellant. | A136552<br><br>(Del Norte County<br>Super. Ct. No. CRF119222) |

## I.

## INTRODUCTION

This case arises in part from a routine traffic stop in which drugs were found in appellant's possession, resulting in her conviction of, among other things, transportation of a controlled substance (methamphetamine).  (Health & Saf. Code, § 11379.)  A subsequent amendment to section 11379[1] now requires that transportation of a controlled substance must be for purposes of sale to fall within the statute's proscription.  (Stats. 2013, ch. 504, § 2, p. 4288.)  The Attorney General concedes the amended statute must be applied retroactively.  We shall therefore reverse the conviction on the transportation count and remand for retrial.  We find it unnecessary to reach appellant's other issues, but we note the remaining convictions would leave appellant eligible for drug treatment under Proposition 36 (Prop 36).

---

[1] Undesignated statutory references are to the Health and Safety Code.

## II.

## STATEMENT OF FACTS

On March 31, 2011, at about 7:15 p.m., Crescent City Police Officer Justin Gill initiated a routine traffic stop of a pickup truck for a defective tail light. Appellant's boyfriend, Damian VanParks, was driving the truck, and appellant Michelle Lynn Taylor was a passenger. Two backup officers arrived at the scene, including California Highway Patrol Officer Theodore Luna.

When Luna arrived he saw Gill remove VanParks from the vehicle and place him under arrest as an unlicensed driver. Gill then directed appellant to exit the truck. When Taylor turned to face the pickup, Luna noticed her reach into her waistband with her left hand. Luna grabbed appellant's arm and asked her if she had any weapons. Appellant responded, "It's not mine. It's not mine." After Luna handcuffed appellant, she was allowed to remove a "bundle" from her pants, which Gill confiscated. It contained several individual bags of a white crystalline powder, which later tested positive for methamphetamine. Each of the individual bags contained a usable amount.

While appellant was detained in Luna's patrol car, she spontaneously explained how she came to be holding the package. As Luna summarized, "the driver had handed her the baggie or the bindle and asked her to hide it in her pants, stating they'd more than likely search him but not her."

In a separate incident, at 4:00 p.m. on September 5, 2011, Del Norte County Deputy Sheriff Richard Griffin contacted appellant inside a trailer at the Shangra-La Trailer Park, where he was executing an arrest warrant for VanParks. Griffin noticed appellant had "piano fingers" and "bruxism," which are indicia of being under the influence of a stimulant. Griffin conducted a further section 11550 evaluation and arrested appellant. He explained to the jury the signs of drug intoxication he detected and testified as an expert that appellant was under the influence of a central nervous system stimulant when she was arrested.

After receiving *Miranda* warnings (*Miranda v. Arizona* (1966) 384 U.S. 436), appellant told Griffin she normally smoked methamphetamine, "[b]ut she'd recently been

2

forced to inject methamphetamine by Mr. VanParks." She showed Griffin several injection marks on her arms and admitted to him she had used half a gram of methamphetamine the day before. Griffin testified the effects of that quantity could last at least two to three days.

## III.

## PROCEDURAL HISTORY

The district attorney initially filed an information charging appellant with three felony counts: transportation of a controlled substance (§ 11379), possession for sale (§ 11378), and possession of a controlled substance (§ 11377), all relating to the methamphetamine found on her during the March 2011 traffic stop. An amended information was later filed[2] charging appellant with five counts: the three originally charged and two new misdemeanors stemming from the later incidents: possession of a hypodermic needle (former § 11364) and being under the influence of methamphetamine (§ 11550). Prior to trial, the prosecution dismissed the possession for sale charge (count two) and the misdemeanor charge for possession of an injecting device (count four).

After a two-day jury trial appellant was found guilty of the three remaining counts: (1) transportation of methamphetamine (count one), (2) possession of methamphetamine (count three), and (3) being under the influence of methamphetamine (count five).[3] The court imposed the middle prison term of three years on the transportation count (§ 11379) and imposed, but stayed under Penal Code section 654, a two-year sentence on the possession count (§ 11377). The court suspended execution of the prison term and granted appellant three years' probation. The court then sentenced her to one year in

---

[2] In January 2012, the continued prosecution of this matter was turned over to the Attorney General's Office due to a conflict of interest with Del Norte County District Attorney Jon Alexander, who was alleged to have committed a violation of *Massiah v. United States* (1964) 377 U.S. 201 in this case. The State Bar Court later recommended disbarment of Alexander in Case No. 11-O-12821, finding true the alleged *Massiah* violation.

[3] The parties refer to these as counts one, two and three, but the court clarified on the record that the convictions were on counts one, three and five.

county jail on the misdemeanor but authorized her early release from jail for transition into drug treatment if a bed became available in a long-term residential rehabilitation program.

## IV.
### DISCUSSION

### A. *Amendment of section 11379 on transportation of a controlled substance*

Appellant originally raised two issues on appeal. First, she claimed the court's instruction on count one (transportation) was improper insofar as it told the jury she could be convicted based on a de minimis theory of transportation: carrying or moving the contraband "from one location to another, even if the distance is short." She had consistently claimed VanParks tossed the drugs to her as he was bringing the pickup to a stop in reaction to being pulled over by the police.[4] She argued on appeal there was no substantial evidence showing she made "any volitional act in furtherance of, or actually and knowingly transport[ed] the contraband." Second, she argued she should have been granted Prop 36 drug treatment, claiming she was statutorily eligible despite her conviction for transportation of a controlled substance because the drugs transported were for personal use. (Pen. Code, § 1210, subd. (a).)

After the Attorney General filed her respondent's brief, appellant sought and was granted permission to file a supplemental brief raising the issue that section 11379 had been amended effective January 1, 2014, to allow conviction only if the drugs were

---

[4] A drug-sniffing dog who searched outside the vehicle also alerted to the presence of drugs on the driver's side of the truck.

4

transported for purposes of sale, specifically by addition of subdivision (c).[5] Since Taylor's conviction was not yet final on appeal, she argued the amended version of the statute applied to her case and requested remand for a new trial on that count.

The Attorney General has since filed a supplemental brief acknowledging appellant is correct on the issue of retroactivity, and conceding the conviction on count one must be reversed. (See, e.g., *People v. Rossi* (1976) 18 Cal.3d 295, 302 [retroactive application of statutory amendment decriminalizing oral copulation between consenting adults]; *In re Estrada* (1965) 63 Cal.2d 740, 748 [retroactive application of statute reducing penalty for escape]; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1544 [retroactive application of Compassionate Use Act].)

We agree with that assessment. The parties presented no evidence—and the jury was not instructed—on intent to sell as an element of the transportation charge. The jury was told only that a "usable amount" was required. Though the packaging could have supported a "for sale" finding, there is nothing in the record to suggest the quantity involved could not also reasonably have been found to be for personal use. The judgment must be reversed as to count one, but the prosecution is entitled to retry that charge, proving the methamphetamine was transported for sale, if it elects to pursue the matter. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72; see also, *People v. Trippet, supra,* 56 Cal.App.4th at pp. 1548-1551.)

---

[5] Section 11379 now reads: "(a) Except as otherwise provided [in specified statutes], every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . which is not a narcotic drug, . . . [with specified exceptions] shall be punished by imprisonment . . . for a period of two, three, or four years. [¶] (b) Notwithstanding the penalty provisions of subdivision (a), any person who transports any controlled substances specified in subdivision (a) within this state from one county to another noncontiguous county shall be punished by imprisonment . . . for three, six, or nine years. [¶] (c) For purposes of this section, 'transports' means to transport for sale. [¶] (d) Nothing in this section is intended to preclude or limit prosecution under an aiding and abetting theory or a conspiracy theory."

### *B. The argument under Proposition 36 is moot*

In light of our reversal of count one we find the second issue raised by appellant relating to her eligibility under Prop 36 is moot.  The statutes implementing Prop 36 require drug treatment instead of jail for defendants convicted only of a "nonviolent drug possession offense," including "the unlawful . . . transportation for personal use of any controlled substance."  (Pen. Code, §§ 1210, subd. (a), 1210.1.)  Appellant claimed she was statutorily eligible for a Prop 36 disposition despite her transportation conviction because the methamphetamine was for her personal use.

Because there is no specific offense called "transportation of a controlled substance for personal use," the sentencing court was required to determine whether the transportation was for sale, and not for personal use, before finding that appellant was ineligible under Prop 36.  The drugs found on appellant after the traffic stop were packaged in 12 individual bindles, each containing a usable amount.  This suggests packaging for sale and would have supported an implied finding that appellant was statutorily ineligible under Prop 36.

However, we need not pursue the issue further in light of our conclusion that the transportation count must be reversed.  With the reversal of the transportation count appellant would have no convictions making her ineligible under Prop 36.  The applicability of Prop 36 will then turn on the outcome of the retrial, if any.  Resentencing under Prop 36 will be required if the prosecution decides not to pursue a retrial on count one, or if appellant is acquitted after a retrial.  We remand in anticipation of further proceedings consistent with this opinion.  (Pen. Code, § 1260.)

## V.

## DISPOSITION

The conviction on count one is reversed and appellant's sentence is vacated.  Her convictions on counts three and five are affirmed.  The prosecution may retry appellant on count one within the time limit set forth in Penal Code section 1382.  If appellant is retried and found guilty of transportation of a controlled substance for sale, the trial court shall resentence her on that conviction as well as on counts three and five.  If appellant is

6

found not guilty on retrial, or if the prosecution elects not to retry appellant on count one, the trial court shall resentence her on counts three and five under Prop 36.  The trial court may conduct any necessary ancillary proceedings consistent with this opinion.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
RIVERA, J.