Filed 6/15/15  P. v. Chavez CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C076071 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12NCR09572, 12NCR09573) |
| v. | |
| JAVIER CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Javier Chavez entered negotiated pleas in two related cases, including a plea of guilty to transportation of methamphetamine.  (Health & Saf. Code, former § 11379, subd. (a).)[1]  In September 2013, the trial court sentenced defendant to an aggregate term of 20 years in state prison.

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

At the time of defendant's conviction, section 11379, subdivision (a) provided that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment. (§ 11379 [and its predecessor version, Stats. 2001, ch. 841, § 7, pp. 6870-6871].) At that time, case law construed the word "transports" to include transport of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) But effective January 1, 2014, after defendant's conviction and sentencing, the Legislature amended section 11379 to define "transports" as "transport for sale." (§ 11379, subd. (c); Stats. 2013, ch. 504, §§ 1-2.)

As his sole claim on appeal, defendant contends section 11379, as amended, should be applied retroactively to reverse his drug transportation conviction. The People agree and so do we. Accordingly, we reverse defendant's conviction for transportation of methamphetamine and remand for further proceedings. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. 12NCR09572

Defendant stipulated as follows: On September 1, 2012, officers searched defendant and discovered methamphetamine in the pocket of his pants.

Defendant was charged by information with transportation of methamphetamine. (Former § 11379, subd. (a).) The information alleged defendant served two prior prison terms (Pen. Code, § 667.5, subd. (b)), and committed the current offense while released on bail or his own recognizance (Pen. Code, § 12022.1).

### Case No. 12NCR09573

Defendant stipulated as follows: On October 2, 2012, defendant was having a conversation with Steven Hernandez, a member of a rival criminal street gang. When

2

defendant discovered Hernandez bore tattoos of an opposing gang, defendant stabbed Hernandez repeatedly with a knife.

Defendant was charged by information with premeditated attempted murder (Pen. Code, §§ 664, subd. (a), 187—count I), assault with a deadly weapon, a knife (Pen. Code, § 245, subd. (a)(1)—count II), assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)—count III), battery resulting in serious bodily injury (Pen. Code, § 243, subd. (d)—count IV), and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)—count V). The information alleged that, in the commission of counts I, II, III, and IV, defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and defendant committed those offenses with the specific intent to promote and assist a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C)). The information further alleged defendant served three prior prison terms (Pen. Code, § 667.5, subd. (b)), and committed all of the offenses while released on bail or his own recognizance (Pen. Code, § 12022.1).

### *Entry of Pleas and Sentencing*

On January 11, 2013, defendant entered negotiated pleas as follows: In case No. 12NCR09572, he pleaded guilty to transportation of methamphetamine; in case No. 12NCR09573, he pleaded guilty to assault with a deadly weapon and admitted the gang and personal infliction of great bodily injury enhancements. Defendant entered those negotiated pleas in exchange for dismissal of the balance of charges and allegations against him.

On February 8, 2013, the trial court initially sentenced defendant in both cases to an aggregate term of 17 years in state prison.

On September 27, 2013, the court resentenced defendant in both cases to an aggregate term of 14 years in state prison as follows: In case No. 12NCR09573, the court sentenced defendant to the upper term of four years plus a consecutive 10-year term for

3

the gang enhancement, and stayed a consecutive three-year term for the great bodily injury enhancement.  In case No. 12NCR09572, the trial court sentenced defendant to the lower term of two years, to run concurrent to the sentence in case No. 12NCR09573.

The court also sentenced defendant in pending case Nos. 13SCR08006 and 09NCR06985 to an additional aggregate term of six years, which, together with the aggregate 14-year term in case Nos. 12NCR09572 and 12NCR09573, resulted in a total aggregate sentence of 20 years in state prison.

Pursuant to this court's April 17, 2014 order granting defendant's request to file a notice of appeal under the constructive filing doctrine, defendant filed a timely notice of appeal in case No. 12NCR09573.  The trial court granted his request for a certificate of probable cause.  On July 31, 2014, this court granted defendant's motion to include case No. 12NCR09572 in that notice of appeal.

## DISCUSSION

Defendant contends that under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and its progeny, the recent amendments to section 11379 should be applied retroactively to reverse his conviction for transportation of methamphetamine.  Defendant argues his conviction must be reversed because the factual basis for his guilty plea is not supported by any evidence of an intent to sell, an element of amended section 11379.

The People agree with defendant's contention, but argue the conviction should be vacated and remanded for a new trial.

As previously discussed, the Legislature amended section 11379 to define "transports" as "transport for sale."  (§§ 11352, subd. (c), 11379, subd. (c); Stats. 2013, ch. 504, §§ 1-2.)  Those amendments took effect on January 1, 2014, several months after defendant's conviction and sentencing.

4

In *Estrada*, the California Supreme Court stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada*, *supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*) Accordingly, a statute lessening punishment is presumed to apply to all cases not yet reduced to final judgment on the statute's effective date, unless there is a "saving clause" providing for prospective application. (*Id.* at pp. 744-745, 747-748.)

The parties agree there is no saving clause and the case has not yet been reduced to final judgment (see *People v. Rossi* (1976) 18 Cal.3d 295, 304 [the rule of retroactivity applies to any proceeding, that, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it]), and thus the amendment to section 11379 applies retroactively. Under the circumstances presented here, we adhere to the well-established principle that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final. (*Estrada*, *supra*, 63 Cal.2d at pp. 744, 748.) The rule articulated in *Estrada* applies to amendments that add to the elements of a crime or enhancement. (*People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68 (*Figueroa*).) Under *Estrada*, defendant is entitled to the benefit of the amendments to section 11379. (*Vinson*, at pp. 1197-1199; *Todd*, at

5

pp. 1728-1730*; Figueroa*, at p. 68.) As such, we will reverse his conviction for transportation of methamphetamine.

We will also remand the matter for further proceedings. "Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence." (*Figueroa*, *supra*, 20 Cal.App.4th at p. 72.)

## DISPOSITION

The judgment regarding defendant's conviction for transportation of methamphetamine is reversed and remanded for possible retrial. The People shall have 60 days following remittitur from this court to reinstate the charge for transporting methamphetamine and retry that charge under amended Health and Safety Code section 11379. The judgment regarding sentencing also is vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion. In all other respects, the judgment is affirmed.


       BUTZ       , J.


We concur:


     BLEASE     , Acting P. J.


     HOCH     , J.