Filed 9/24/15  P. v. Burton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD LEE BURTON,<br><br>    Defendant and Appellant. | F068041<br><br>(Super. Ct. No. F12909238)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Franson, J. and Peña, J.

Defendant Richard Lee Burton was convicted by no contest plea of misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 2). Shortly thereafter, he was convicted by jury trial of transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a);[1] count 1). On count 1, the trial court sentenced him to 11 years in prison as follows: four years, doubled to eight years pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus three one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)). The court granted him 277 days of custody credit and 276 days of conduct credit. We will reverse the judgment on count 1 and remand the matter for sentencing on count 2.

## DISCUSSION

### I.  *Retroactive Application of Amended Section 11352*

Defendant contends and the People concede that the amended version of section 11352 must be applied retroactively to his case because his judgment is not yet final. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [for determining retroactive application of amendment to criminal statute, judgment is not final until time for petitioning United States Supreme Court for writ of certiorari has passed].) We agree.

Defendant's conviction for transportation of a controlled substance was not final when Assembly Bill 721 became effective on January 1, 2014 (2013-2014 Reg. Sess.). The amended statute essentially requires an additional element because it defines transportation as transportation *for sale*. (§ 11352, subd. (c).) We agree that the amended statute should be applied retroactively to defendant because it mitigates punishment. (*In re Estrada* (1965) 63 Cal.2d 740, 748 ["where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"]; *People v. Vinson* (2011)

---

[1]  All statutory references are to the Health and Safety Code unless otherwise noted.

193 Cal.App.4th 1190, 1193-1194, 1197 [*Estrada*'s reasoning applies where change to statute is "akin to adding an element to a crime or an enhancement, and benefits a defendant by making it less likely that he or she will qualify for felony-level punishment"], 1199 [change to statute "had the effect of mitigating punishment by raising the level of recidivism required before a defendant can be sentenced to state prison"].)

Having concluded the amended section 11352 applies to defendant, we will reverse the judgment of conviction on count 1 and remand for possible retrial on that count.[2]

## II.    *Sentence on Count 2*

The parties also agree that the trial court never orally pronounced sentence on count 2. Defendant's plea form states that the maximum sentence defendant could receive on the plea was 180 days. At the plea hearing, the trial court stated: "Do you understand that the maximum sentence in this case that the Court could give you is 180 days? [¶] … [¶] And my indication is, given the time that you've been in custody, I would be giving you credit for time served on that." Defendant answered affirmatively. Then the court asked, "Did you also discuss with [counsel] that I'm going to ask you to waive time for sentencing so that we can do this all at the same time?" Again, defendant answered affirmatively. When the court later sentenced defendant after the jury trial on count 1, the court did not impose sentence on count 2. The minute order of that hearing incorrectly states the court imposed a 365-day sentence with credit for 365 days served. We will remand for sentencing on count 2.

---

[2]    Retrial on count 1 is not barred by the prohibition against double jeopardy. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72.)

## **DISPOSITION**

The conviction for transportation of a controlled substance (§ 11352, subd. (a)) on count 1 is reversed.  The matter is remanded for possible retrial on count 1 and for sentencing on count 2.