Filed 1/28/16  P. v. Piper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078545 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF131121) |
| v. | |
| PAUL ANTHONY PIPER, | |
| Defendant and Appellant. | |

In April 2013, defendant pled no contest to a single felony count of transporting methamphetamine.  (Health & Saf. Code,[1] § 11379, subd. (a).)  On appeal, he contends his conviction should be vacated based upon recent amendments to sections 11377 and 11379.  The People argue defendant's conviction should be reversed and he should be

---

[1]  Undesignated statutory references are to the Health and Safety Code.

1

permitted to withdraw his plea. We shall reverse the order denying his motion to vacate his conviction and remand for further proceedings.

                    FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2013, defendant was detained while driving his car. A search of the vehicle revealed three bags of methamphetamine weighing approximately 2.7 grams.

Pursuant to the terms of defendant's plea agreement, the trial court suspended imposition of sentence and placed defendant on three years' Proposition 36 probation (Pen. Code, § 1210.1, subd. (a)), and dismissed other charged counts and some prior prison term allegations, and ordered defendant to pay various fines and fees.

In December 2014, defendant moved to vacate his conviction, arguing section 11379 had been amended and transportation of a controlled substance was no longer a felony unless the transport was for sale. Because there was no evidence his transportation of the methamphetamine was for sale, defendant argued the trial court should vacate his felony conviction and instead impose a misdemeanor sentence for simple possession. (See § 11377, subd. (a).) The trial court denied the motion.

                                DISCUSSION

When defendant entered his plea, section 11379, subdivision (a) provided, "every person who *transports* . . . any controlled substance . . . shall be punished . . . for a period of two, three, or four years." (Italics added.) Given this language, the courts had interpreted "transport" in section 11379 to mean any movement of the drug, even for one's personal use. (See, e.g., *People v. Rogers* (1971) 5 Cal.3d 129, 134.) But, effective January 1, 2014, the Legislature added an additional element to the offense, requiring transportation be for the purpose of sale. (§ 11379, subd. (c), as amended by Stats. 2013, ch. 504, § 2.)

The factual basis for defendant's plea did not establish whether defendant was transporting the methamphetamine for *sale*. Accordingly, the amendment at issue benefits defendant by imposing an unestablished element of the charged offense. Absent

2

a savings clause, the amendment to section 11379 must be applied to a criminal defendant whose judgment is not yet final. (*In re Estrada* (1965) 63 Cal.2d 740, 745; see also *People v. Rossi* (1976) 18 Cal.3d 295, 298-299.) Because the court suspended imposition of defendant's sentence and defendant remained on probation when the January 1, 2014, amendment to section 11379 became effective, defendant's conviction was not final for purposes of the *In re Estrada* retroactive analysis. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.)

Moreover, inasmuch as section 11379 does not contain a savings clause prohibiting retroactive application of the amended statutory language, we agree with the parties the amendment must be applied retroactively to defendant.

DISPOSITION

The order denying defendant's motion to vacate his conviction is reversed and the cause is remanded for further proceedings in the superior court. (See *People v. Collins* (1978) 21 Cal.3d 208, 215-216; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72.)

 

/s/_____
Robie, J.


We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Nicholson, J.