Filed 11/2/23  P. v. Salas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B324032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA452909) |
| v. | |
| RENE SALAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed as modified.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Rene Salas (defendant) appeals the sentences on three of the 11 counts on which he stands convicted. The People concede the trial court erred, and we agree. We accordingly modify those sentences, but otherwise affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

As pertinent to this narrow appeal, it suffices to recount that defendant is a member of the Valerio Street criminal street gang who, in 2015 and 2016, engaged in three distinct crimes with fellow gang members—namely, (1) he shot at pedestrians on a Van Nuys neighborhood street, killing one; (2) he and a fellow gang member snuck into the garage of a rival gang member, and defendant shot and killed the rival; and (3) he kidnaped a woman and forcibly tattooed his gang's symbols on her neck and arms while a gun was placed in her mouth to keep her still.

### II. Procedural Background

#### A. *Charges, conviction, and sentence*

In May 2017, a grand jury returned a 20-count indictment against defendant and several others. Specifically, the indictment charged defendant with (1) two counts of murder (Pen. Code, § 187);[1] (2) three counts of attempted premeditated

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

murder (§§ 187, 664, subd. (a)); (3) witness intimidation (§ 136.1) for threatening to kill his girlfriend if she reported what she knew about his role in the neighborhood shooting; (4) being a felon in possession of a firearm (§ 29800, subd. (a)(1)) during that shooting; (5) conspiracy to commit the murder of his gang rival (§ 182); (6) kidnapping of the woman (§ 207); (7) torture of the woman (§ 206); and (8) aggravated mayhem of the woman (§ 205). The indictment also alleged (1) various firearm enhancements, (2) gang enhancements (for all crimes except the felon in possession charge), and (3) two special circumstances as to the murder counts.

After the jury found defendant guilty of all charged crimes, all alleged enhancements, and the special circumstances, the trial court sentenced defendant to prison for a determinate term of 25 years, plus two indeterminate terms of life without the possibility of parole, plus 177 years to life.

### B.  *Prior appeal*

In an unpublished opinion, we rejected defendant's various attacks on his convictions, but agreed with defendant that the narrower definition of the gang enhancement under the newly enacted Assembly Bill No. 333 (2021-2022 Reg. Sess.) applied retroactively to his non-final conviction and necessitated vacating the gang enhancement as well as any firearm enhancement or special circumstance tied to the gang enhancement.  (*People v. Garnica et al.* (Feb. 3, 2022, B307386) [nonpub. opn.], at p. 30.) We remanded for further proceedings, explaining: "Because the elements newly required by Assembly Bill No. 333 were 'never tried' to the jury, the People should be given the opportunity to decide whether to retry the affected enhancements to a jury. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 72, fn. 2.)"

## C. *Remand and resentencing*

The prosecution was unable to proceed on a retrial of the gang enhancements and the court granted defendant's motion to dismiss those allegations under section 1382. The trial court resentenced defendant to a determinate term of six years, followed by life without the possibility of parole, followed by 195 years to life. As pertinent to this appeal, the trial court more specifically imposed sentences of 40 years to life for each attempted premeditated murder count, comprised of a base sentence of 15 years to life plus 25 years to life for a firearm enhancement.

## D. *Appeal*

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in imposing 15 years to life as the base sentence for each attempted murder count because section 664, subdivision (a), prescribes a base sentence of life (with a default minimum of seven years). (§§ 664, subd. (a), 3046, subd. (a); *People v. Chiu* (2014) 59 Cal.4th 155, 163, superseded on other grounds by Sen. Bill No. 1437 (2017-2018 Reg. Sess.).) Although a base sentence with a specifically imposed minimum term is required in certain circumstances (§§ 664, subds. (e) & (f), 186.22, subd. (b)(5)), none of those circumstances is present now that the gang enhancements have been dismissed. Thus, we conclude there is no basis for any base sentence other than life. We modify the base sentences for these three counts in the judgment accordingly.

## DISPOSITION

The judgment is modified to strike each of the 15-year-to-life base sentence terms imposed on the three attempted murder

4

counts and impose in each of their places a term of life with the possibility of parole. In all other respects, the judgment is affirmed.  The trial court will prepare a new abstract of judgment reflecting the change of sentence and transmit the abstract to the California Department of Corrections and Rehabilitation. <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
KWAN

---

\*      Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.