Filed 12/19/23  P. v. Cendejas CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CENDEJAS,<br><br>    Defendant and Appellant. | A164178<br><br>(Napa County<br>Super. Ct. No.<br>CR36042) |

**MEMORANDOM OPINION[1]**

Defendant Roberto Cendejas appeals from the denial of his petition for resentencing under Penal Code former section 1170.95[2] (now section 1172.6) following an evidentiary hearing.  He does not challenge the sufficiency of the evidence to support the court's decision denying his petition.  Rather, he contends the admission of certain hearsay testimony from the preliminary hearing—which was admissible at the time of the resentencing hearing but is now inadmissible under recent amendments to the statutory scheme—was prejudicial, mandating reversal and remand for a new hearing.  The Attorney

---

[1]  This matter is properly disposed of by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

[2]  All further references are to the Penal Code unless otherwise indicated.

General concedes the challenged hearsay testimony is now inadmissible but asserts error in its admission at the resentencing hearing was harmless. Given the size of the record the trial court considered and its inclusion of substantial now-inadmissible testimony by law enforcement officers, we reverse and remand for a new hearing by the trial court.

## DISCUSSION

In October 2000, defendant pleaded guilty to second degree murder and admitted a gang enhancement. Pursuant to the negotiated disposition, the trial court sentenced him to 16 years to life in state prison.

In 2019, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6). The trial court appointed counsel, ruled defendant made a prima facie showing of entitlement to resentencing, and issued an order to show cause. The only evidence presented at the 2021 evidentiary hearing was the lengthy transcript (over 2,500 pages) of the 1999 multiple-defendant preliminary hearing.[3]

The court subsequently issued a written order denying defendant's petition. The court found the evidence adduced at the preliminary hearing established beyond a reasonable doubt that defendant aided and abetted one of his cohorts, Jacob Hutchins, in a drive-by shooting that resulted in the death of a 17-year-old rival gang member. Specifically, the court found the "evidence establishe[d] beyond a reasonable doubt that [defendant] aided and abetted Hutchins and acted with implied malice, based on his planning, knowledge and conduct, therefore establishing that he is guilty of second degree murder."

---

[3] The three co-defendants went to trial.

2

***Senate Bill No. 775 (2012–2022 Reg. Sess.)'s Evidentiary Rules***

At the time of the evidentiary hearing, the resentencing statute did not include any specific evidentiary limitations, and the courts considered the entire record of conviction, including any preliminary hearing transcript and any prior appellate opinion on direct appeal, to be matters a trial court could properly consider. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 283.)

Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) amended the statute to now state in pertinent part, "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [s]ection 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (§ 1172.6, subd. (d)(3).)

Thus, the language of the statute as amended permits a trial court to consider preliminary hearing testimony that is otherwise admissible, except hearsay testimony by law enforcement officers admitted under section 872, subdivision (b) and not admissible pursuant to another exception to the hearsay rule.

As another division of this court recently explained, "[a]lthough section 1172.6, subdivision (d)(3) does not contain express language stating that a preliminary hearing transcript is admissible at the evidentiary hearing, a plain reading of the statute compels this conclusion. First, the provision unambiguously provides that a trial court ruling on the merits of a resentencing petition 'may consider evidence previously admitted at any prior

3

hearing or trial that is admissible under current law, including witness testimony.' (§ 1172.6, subd. (d)(3).) Second, because of the proviso that the trial court may not consider hearsay testimony that was admitted into evidence at a preliminary hearing under subdivision (b) of section 872, unless some other hearsay exception applies, section 1172.6, subdivision (d)(3) expressly contemplates that preliminary hearing testimony in particular will be considered at an evidentiary hearing. [¶] In effect, what section 1172.6, subdivision (d)(3) does is create a new hearsay exception applicable specifically to merits hearings in section 1172.6 resentencing proceedings. . . ." (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1158 (*Davenport*).) This means that hearsay that was properly considered when it was first allowed at a preliminary hearing or trial, may be considered at a resentencing hearing without having to reestablish its admissibility at the time of the hearing, unless a new evidentiary rule, like section 1172.6, subdivision (d)(3)'s limitation on officer hearsay testimony, has since been enacted. (*Davenport*, at p. 1158.)

### *Retroactivity of Senate Bill 775's Evidentiary Rules*

In the introduction to the argument section of his respondent's brief, the Attorney General states "we agree with appellant that that [*sic*] substantial evidence review has been displaced by the subsequent change to the statute, which renders some of the evidence considered by the trial court inadmissible." Thus, says the Attorney General, "the Court's task now is to apply is [*sic*] the state standard of *People v. Watson* (1956) 46 Cal.2d 818, 836, which requires the Court to determine whether, disregarding the now-inadmissible evidence, there is a reasonable probability that the trial court would have rendered a different ruling." The Attorney General goes on to state he will show the "inadmissible [evidence] was duplicative of other"

4

admissible evidence; thus, "while appellant is entitled to the application of the amended statute, he does not benefit thereby."

In short, the Attorney General made an explicit concession at the outset of his argument that defendant may invoke the new evidentiary rules enacted through Senate Bill 775, and we will proceed on that basis.[4]

### *Remand Is Appropriate*

While the parties have devoted numerous pages of briefing to discussing the evidence before the trial court, given the size of the preliminary transcript (exceeding 2,500 pages) and the extent of officer testimony defendant claims is now inadmissible, we conclude the appropriate disposition is remand to the trial court to first rule on defendant's evidentiary objections under section 1172.6 and to then consider the merits of his petition in light of the evidence the court rules is now admissible. It may be that some of the challenged hearsay is admissible under other exceptions that remain operative. (See *Davenport*, *supra,* 95 Cal.App.5th at p. 1158.)

In analogous situations in which criminal defendants have been given the retroactive benefit of a new statutory procedure, this is the accepted disposition—remand for a new proceeding consistent with the new procedure. (See, e.g., *People v. Padilla* (2022) 13 Cal.5th 152, 158–159 [retroactive

---

[4]  In later pages of his respondent's brief, the Attorney General is a bit equivocal, stating he assumes "for purposes of this argument" that Senate Bill 775 applies. And under a subheading that reads, "The retroactivity of the new evidentiary restrictions of S[enate Bill] 775 is moot," (boldface omitted) he argues "these new evidentiary restrictions do not apply retroactively to appellant's case," citing *People v. Owens* (2022) 78 Cal.App.5th 1015. While the *Owens* majority suggested as much, it did not actually hold the new evidence restrictions are not retroactive. (*Id.* at pp. 1026–1027.) Nor will we decide this issue given the Attorney General's explicit concession and invitation to assume retroactivity for purposes of this appeal.

application of Proposition 57 entitling a juvenile defendant to a transfer hearing required remand to the trial court to conduct such a hearing under present law]; *People v. Frahs* (2020) 9 Cal.5th 618, 637–640 [retroactive application of new statute required limited remand for trial court to conduct a mental health diversion hearing]; *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 310, 313 [retroactive application of new statute required limited remand for trial court to conduct a transfer hearing]; *People v. Whitmore* (2022) 80 Cal.App.5th 116, 131–132 [retroactive application of statute providing new procedures for determining truth of aggravating circumstances required remand for new trial on that issue].)

We disagree with both parties' suggestion that, having assumed the applicability of the new evidentiary limitations set forth in section 1172.6, we should proceed to definitively resolve admissibility issues, rule on the sufficiency of the admissible evidence to support the trial court's findings, and then determine whether any error is harmless.

"Broadly speaking, an appellate court applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence." (*People v. Waidla* (2000) 22 Cal.4th 690, 717; see *People v. Duran* (2022) 84 Cal.App.5th 920, 927–928 [trial court's admission of evidence at an evidentiary hearing on petition for resentencing reviewed for abuse of discretion].) "[I]t is not the function of an appellate court to make . . . evidentiary rulings in the first instance. . . ." (*Sambrano v. City of San Diego* (2001) 94 Cal.App.4th 225, 235.) Otherwise, "appellate courts are left with the nebulous task of determining whether the ruling that was purportedly made was within the authority and discretion of the trial court and was correct." (*Ibid.*) In this case, the trial court never had the opportunity to consider evidentiary objections based on the evidentiary limitations enacted

6

through Senate Bill 775. The court likewise never considered whether the challenged evidence might be admissible under other provisions of the Evidence Code that continue to apply to resentencing hearings. (See *Davenport, supra,* 95 Cal.App.5th at p. 1158.)

Typically, when the erroneous admission of evidence requires reversal, the appropriate remedy is to remand the matter for a new trial or hearing. (*People v. Shirley* (1982) 31 Cal.3d 18, 71, superseded by statute on another ground as stated in *People v. Alexander* (2010) 49 Cal.4th 846, 879 [prosecutor permitted to retry defendant after conviction reversed for erroneous admission of evidence]; *People v. Cooper* (2007) 149 Cal.App.4th 500, 522 [" 'The double jeopardy clause does not bar retrial after a reversal based on the erroneous admission of evidence if the erroneously admitted evidence supported the conviction.' "].) This is true even when the admitted evidence is rendered inadmissible as the result of a subsequent change in the law. (*People v. De Santiago* (1969) 71 Cal.2d 18, 22–23, 30 [admission of evidence later deemed inadmissible by subsequent decisional law warranted grant of new trial].)

We recognize that the consideration of inadmissible evidence may be harmless error under the *Watson* standard. (See *People v. Myles* (2021) 69 Cal.App.5th 688, 706.) However, the traditional approach of remanding for a new proceeding is particularly appropriate given the unique procedural posture of this case. The trial court's finding that defendant aided and abetted Hutchins and acted with implied malice, based on defendant's planning, knowledge and conduct—establishing that he is guilty of second degree murder—requires a thorough examination of all the evidence and consideration of the totality of the circumstances. Further, nothing in the record suggests that the People would not or could not attempt to offer

7

alternative evidence to prove the same facts if an evidentiary objection is made and sustained in the trial court. "Where . . . evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence." (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 72.)

Given these considerations, we decline to definitively resolve the hearsay admissibility issues arising from the enactment of Senate Bill 775 in the first instance, then determine whether sufficient "admissible" evidence supports the court's findings based upon a hypothetical record not before the court at the time, and further determine whether any evidentiary error by the court in allowing now-inadmissible evidence was prejudicial. Under the *Watson* standard, a reasonable probability "does not mean more likely than not, but merely a reasonable chance, more than an abstract possibility" that the outcome would have been more favorable to the defendant absent the error. (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715, italics omitted.) Given the magnitude of the record and the extent of law enforcement officers' assertedly inadmissible hearsay testimony, we conclude the "merely a reasonable chance" standard has been met.

We emphasize that in reaching this conclusion we are not taking any position on the merits or outcome of defendant's petition for resentencing. Rather, we are returning the matter to the trial court for a new evidentiary hearing wherein the court will rule on any and all evidentiary objections and then decide the merits of defendant's petition on the basis of the evidence ruled to be admissible.

8

**DISPOSITION**

The ruling on defendant's petition for resentencing is REVERSED and the matter remanded for further proceedings consistent with this opinion.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Getty, J.*


*Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A164178, People v. Cendejas

10