Filed 9/2/15  P. v. Figueroa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL FIGUEROA,<br><br>    Defendant and Appellant. | F068787<br><br>(Super. Ct. No. SF017389A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Gary T. Friedman, Judge.

Lindsay Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Peter W. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Detjen, J.

A jury convicted appellant Michael Figueroa of unlawful transportation of methamphetamine (count 2/Health & Saf. Code, § 11379, subd. (a)),[1] possession of methamphetamine (count 3/Health & Saf. Code, § 11377, subd. (a)), resisting arrest (count 5/Pen. Code, § 148, subd. (a)(1)), and possession of drug paraphernalia (count 6/ Health & Saf. Code, § 11364.1).

On appeal, Figueroa contends:  (1) the court erred by its failure to dismiss count 2; and (2) the minute order for his sentencing hearing does not accurately memorialize the court's oral pronouncement of judgment.  We find merit to Figueroa's first contention and conclude that his second contention is moot.

## FACTS

On June 22, 2013, Estevan Lopez parked his truck at a market in Shafter and left it unlocked with the keys in the ignition while he went inside.  Five minutes later, he came out of the store to find the truck being driven away.

Shafter Police Sergeant Gustavo Olvera spotted the truck and chased it at speeds of up to 70 miles an hour.  The truck eventually crashed into an almond tree and the driver fled on foot.

A Kern County sheriff's deputy in a helicopter saw a suspicious man near a home where a party was underway and directed Deputy Phillip Garza to contact him.  Deputy Garza saw Figueroa running by the home and began chasing him.  Figueroa discarded a sweatshirt that was later found to contain a glass pipe for smoking methamphetamine. He eventually stopped running, dropped to his knees, and placed his hands over his head. When Deputy Garza tried to handcuff him, Figueroa pulled away and tried to run away again but Deputy Garza was able to knock him down.

---

**1**     Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

After handcuffing Figueroa, Deputy Garza found a small bindle containing 0.10 grams of methamphetamine nearby on the ground. Sergeant Olvera arrived at the scene and identified Figueroa as the driver of the stolen truck.

On September 25, 2013, the district attorney filed an information that, in addition to the charges he was convicted of, also charged Figueroa with vehicle theft (count 1/Veh. Code, § 10851, subd. (a)), evading a police officer (count 4/Veh. Code, § 2800.2), and evading a police officer by driving a vehicle against the flow of traffic (count 7/Veh. Code, § 2800.4).

On December 23, 2013, the jury reached its verdict in this matter.

On January 23, 2014, Figueroa moved the court to dismiss his conviction for transportation of methamphetamine based on a change in the law. The court denied the motion and sentenced Figueroa to the mitigated term of two years on his transportation of methamphetamine conviction in count 2, a stayed, concurrent two-year term on his conviction for possession of methamphetamine in count 3,[2] and concurrent terms of 180 days on each of his misdemeanor convictions in counts 5 and 6.

## DISCUSSION

### The Transportation of Methamphetamine Conviction

Figueroa contends his conviction for transportation of methamphetamine must be stricken because the trial court erred when it denied his motion to dismiss this count, which was based on an amendment to section 11379 that became effective January 1, 2014. Respondent concedes that Figueroa's conviction on count 2 must be reversed. We agree and remand the matter to the trial court for resentencing.[3]

---

[2] The court purported to impose the mitigated term for this offense. However, the mitigated term for possession of methamphetamine in violation of section 11377, subdivision (a) is 16 months, not two years. (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 1170, subd. (h)(1).)

[3] Figueroa contends that the appropriate disposition is to remand the matter to the trial court for resentencing or for a retrial of the transportation charge so a jury can

3.

Section 11379, subdivision (a) provides: "[E]very person who *transports* ... any controlled substance ... shall be punished ... for a period of two, three, or four years." (Italics added.) At the time of defendant's convictions, the courts interpreted transport to include transport for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134.) But the amendment added this definition in subdivision (c): "For purposes of this section, 'transports' means to transport *for sale*." (§ 11379, subd. (c), italics added.)

We agree that the issue of whether Figueroa was transporting the methamphetamine *for sale* was not tried in his case and that the Legislature's amendment to section 11379 benefits Figueroa by imposing an additional element of the charged offense that was not established at trial. Therefore, absent a savings clause, the amendment to section 11379 must be applied retroactively to Figueroa's case if it was not final when the amendment took place. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Rossi* (1976) 18 Cal.3d 295, 298-299.)

Section 11379, as amended, does not contain any explicit savings clause prohibiting retroactive application of the amended statutory language, nor is there any other indication of "clear legislative intent" that the amended statutory language is only to be applied prospectively. (*People v. Rossi, supra,* 18 Cal.3d at p. 299.) And Figueroa's conviction for transportation of methamphetamine was not final on January 1, 2014, the date the amendment went into effect. (*People v. Rossi, supra,* at p. 304 [a conviction is not final until it has reached final disposition in the highest court authorized to review it].) Therefore, Figueroa is entitled to the benefit of the additional element, and

---

determine whether he transported the methamphetamine for sale as required by section 11379 (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72 & fn. 2). Respondent contends that the matter should be remanded for resentencing. Since Figueroa transported only 0.10 grams of methamphetamine and the prosecution did not present any evidence that this small amount was transported for sale, we remand the matter to the trial court for resentencing.

his conviction for transporting methamphetamine must be reversed and the matter remanded for resentencing.

### *The Alleged Error in the Minute Order*

The minute order for Figueroa's sentencing hearing does not indicate that the two-year term imposed on his conviction in count 3 for possession of methamphetamine was stayed. Figueroa contends this error should be corrected if this court does not reverse his transportation of methamphetamine conviction. We agree and additionally note that although the reporter's transcript of Figueroa's sentencing hearing indicates the court imposed concurrent terms of 180 days on each of his misdemeanor convictions in counts 5 and 6, the minute order for the hearing indicates the court imposed concurrent terms of one year on each of these counts. We find these errors are moot in light of our decision to reverse Figueroa's transportation of methamphetamine conviction and remand the matter for resentencing.

## DISPOSITION

Figueroa's conviction in count 2 for transporting methamphetamine (§ 11379, subd. (a)) is reversed and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.

5.